PAUL CATINO *v.* BOARD OF EDUCATION OF THE TOWN OF HAMDEN

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued December 7, 1977—decision released March 14, 1978

*Barry C. Pinkus,* assistant town attorney, with whom was *Richard G. Kent,* for the appellant (defendant).

*Robert F. McWeeny,* for the appellee (plaintiff).

LONGO, J. The plaintiff appealed to the Court of Common Pleas under General Statutes § 10-151 (f) from the termination of his employment contract as a tenured physical education teacher by the defendant, the board of education of the town of Hamden. The board is appealing to this court from a judgment sustaining the plaintiff's appeal and ordering his reinstatement with back pay from the date of termination. The court decided the case on the record and did not make a finding.

The record reveals that in April, 1976, the board notified the plaintiff that termination of his contract was being considered on the basis of four specific charges. The plaintiff requested a hearing before an impartial hearing panel in accordance

with General Statutes § 10-151 (b),[1] and after six days of hearings the panel issued a unanimous decision on June 30. In its decision the panel reviewed the evidence as to each charge and found that "the Board of Education has not met its burden of proof with respect to any of the four (4) charges." The panel recommended that "the termination of the contract of Paul Catino be rescinded in favor of other alternatives," such as transfer. After receiving the panel's decision, the board nevertheless voted on July 13 to terminate the plaintiff's contract. The board's notice to the plaintiff stated that the grounds for dismissal were the four charges considered by the panel, and general information contained in the plaintiff's personnel file.

The board urges that it was not bound by the panel's decision, and that consequently the court erred in concluding that the board's action was arbitrary, capricious, and an abuse of discretion. We look first to the statute. Section 10-151 (b) directs the panel to hold a hearing and submit "findings

[1] General Statutes § 10-151 (b) provides, in pertinent part: "Within twenty days after receipt from a board of education of written notice that contract termination is under consideration, the teacher concerned may file with such board a written request for a hearing, which shall be held within fifteen days after receipt of such request, either before the board of education or, if indicated in such request or if designated by the board, before an impartial hearing panel. The impartial hearing panel shall consist of three members appointed as follows: The board of education shall appoint one panel member, the teacher shall appoint one panel member, and those two panel members shall choose a third, who shall serve as chairperson. Within fifteen days after the hearing before an impartial hearing panel, such panel shall submit in writing its findings and a recommendation to the board of education as to the disposition of the charges against the teacher, and shall send a copy of such findings and recommendation to the teacher. The board of education shall give the teacher concerned its written decision within fifteen days of receipt of the written recommendation of the impartial hearing panel."

and a recommendation" to the board concerning disposition of the charges. "Recommend" is defined in Webster's Third New International Dictionary as "advise." Nothing in the statute's language or legislative history[2] suggests that the panel's recommendation was intended to be more than advisory. It is clear from a reading of the statute that a school board has discretion to accept or reject a recommendation from an impartial hearing panel.

That discretion is not unlimited, however. When a school board considers terminating a teacher's contract it is an administrative agency acting in a quasi-judicial capacity. *Miller* v. *Board of Education,* 166 Conn. 189, 191, 348 A.2d 584; *Conley* v. *Board of Education,* 143 Conn. 488, 492, 123 A.2d 747. It has a duty under § 10-151 (b) to afford a tenured teacher a fair hearing and to terminate the employment contract only for one or more of six reasons, which must be supported by a preponderance of the evidence. Prior to 1975 the responsibility for hearing evidence and finding facts belonged exclusively to school boards. 1975 Public Acts, No. 75-615, amended § 10-151 (b) by delegating the fact-finding function, at the option of the teacher or the board, to an impartial hearing panel consisting of one member appointed by the board, one by the teacher, and a third member chosen by those two appointees.

In this case, the panel held a lengthy hearing and all three panel members found the factual issues in

---

[2] When the amendment to § 10-151 relating to creation of the impartial hearing panel was before the House of Representatives, Representative Howard M. Klebanoff, a sponsor of the bill, stated: "It also, however, makes it very clear that the [panel's] decision is not binding on the local Board. The local Board would still have to act and accept the recommendations . . . ." 18 H. R. Proc., Pt. 10, 1975 Sess., p. 4694.

favor of the plaintiff. After reviewing the record the trial court concluded, and the board does not dispute, that the panel's findings were not necessarily contrary to the evidence; that the panel properly applied a civil burden of proof; and that there was no showing that the panel acted illegally, arbitrarily or capriciously. Under these circum stances the board had no legal basis for deciding that the four charges established cause for terminating the plaintiff's contract. Were the board free to disregard the panel's findings, it would make a mockery of the plaintiff's statutory right to be dismissed only for cause after a fair hearing by a. impartial hearing panel. We must presume that the legislature did not intend to enact useless legislation, and that no part of the statute is superfluous. *J & M Realty Co.* v. *Norwalk,* 156 Conn. 185, 192, 239 A.2d 534; *State ex rel. Rourke* v. *Barbieri,* 139 Conn. 203, 211, 91 A.2d 773.

Furthermore, the board's reference to information contained in the plaintiff's personnel file was not a valid ground for terminating his contract. The plaintiff had neither notice nor an opportunity to defend against any charges derived from information in his personnel file. See *Murphy* v. *Berlin Board of Education,* 167 Conn. 368, 374–75, 355 A.2d 265.

The board contends that since the panel recognized that some action short of contract termination should be taken against the plaintiff, the decision to dismiss him was merely "one further disciplinary step" within the board's scope of authority. This merits little discussion. We need only reiterate that by statute a tenured teacher may be dismissed only for cause, and that no cause was established here.

We conclude that the court did not err in sustaining the plaintiff's appeal. There remains the question of the appropriateness of the remedy ordered by the court, namely, reinstatement with back pay from the date of termination. Reinstatement was a proper exercise of the court's power to "affirm or reverse" the board's decision under General Statutes § 10-151 (f). Where there is but a single course of action which an agency can legally take, a court may direct the agency to follow that course of action. *Adamchek* v. *Board of Education,* 174 Conn. 366, 372, 387 A.2d 556; *Walker* v. *Jankura,* 162 Conn. 482, 491, 294 A.2d 536. The court erred, however, in ordering back pay. The amount of back pay lost since termination, less any compensation received from other sources, cannot be determined without evidence. Since nothing in the record indicates that the court heard such evidence, an evidentiary hearing pursuant to § 10-151 (f) will be necessary.

There is error in part, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.