DIANE C. MAURIELLO *v.* BOARD OF EDUCATION OF THE TOWN OF WEST HARTFORD

LOISELLE, BOGDANSKI, LONGO, PETERS and SIDOR, Js.

Argued November 13, 1978—decision released January 16, 1979

*Martin A. Gould,* for the appellant (plaintiff).

*Russell L. Post, Jr.,* with whom was *O. Bradford Griffin, Jr.,* for the appellee (defendant).

PETERS, J.   The plaintiff, Diane C. Mauriello, appealed to the Court of Common Pleas under General Statutes § 10-151 (f) from the termination of her employment as a physical education teacher by the defendant, the board of education of the town of West Hartford.  The Court of Common Pleas, after a hearing, found the issues for the defendant.  The plaintiff now appeals from the judgment dismissing her appeal.

The basic facts of the case are not seriously in dispute.  The plaintiff was a tenured teacher in the West Hartford school system.  On March 4, 1976,

she received two letters from the superintendent of schools on behalf of the defendant. One letter gave notice of her immediate suspension, and the other gave notice that termination of her contract was under consideration. After consultation with the superintendent that same afternoon, the plaintiff on March 6, 1976, wrote to the defendant board of education requesting a private hearing "concerning the abrupt suspension from my teaching duties last Thursday." In reply to this request, the plaintiff was notified by two letters, one from the superintendent and one from the chairman of the defendant, that a hearing would be held on March 23, 1976. The chairman's letter, in addition to confirming the time and place for the hearing, stated that "termination of your contract is under consideration." The hearing was held, as scheduled, on March 23, 1976, and was continued and completed on the following evening, March 24, 1976. The plaintiff was present at the hearing, participated actively, and raised no objections to the form of the proceedings. The plaintiff was not represented by counsel, nor was she advised of her right to counsel, by the defendant or by anyone acting on its behalf. The defendant board heard considerable testimony in support of its ultimate decision to terminate the plaintiff's contract of employment on the grounds of insubordination and incompetence. The plaintiff was notified of this determination by a letter dated March 25, 1976.

The plaintiff's appeal, which challenges the fairness of her hearing before the defendant board, is governed by the Teacher Tenure Act, General Statutes § 10-151, rather than by the Uniform Administrative Procedure Act, General Statutes §§ 4-166 et seq. The Teacher Tenure Act describes specific rights and privileges of tenured teachers in hearings

before boards of education and upon appeal to state courts. The Uniform Administrative Procedure Act, since the effective date of 1975 Public Acts, No. 75-529, excludes town and regional boards of education from the definition of "agency" in § 4-166 (1). This court has nonetheless recently reaffirmed that a school board considering termination of a tenured teacher's contract acts, like an administrative agency, in a quasi-judicial capacity, and is generally obligated to afford a fair hearing. *Catino* v. *Board of Education,* 174 Conn. 414, 417, 389 A.2d 754 (1978); *Miller* v. *Board of Education,* 166 Conn. 189, 191, 348 A.2d 584 (1974); *Conley* v. *Board of Education,* 143 Conn. 488, 492, 123 A.2d 747 (1956).

The plaintiff's appeal claims that the hearing held by the defendant board was defective in a number of particulars which in their totality deprived the plaintiff of a full and fair hearing. The plaintiff maintains that she failed to receive adequate notice, that she was entitled to be advised of her right to counsel, that the evidence presented at the hearing was insufficient to support termination, that the defendant failed to state its reasons in support of termination, and that the defendant improperly permitted counsel for the school administration also to act as counsel for the defendant.[1]

---

[1] The plaintiff has also assigned error in the trial court's refusal to find certain facts set forth in the draft finding which are claimed to be admitted or undisputed, and in finding numerous facts without evidence. Some of the facts sought to be added have been included in the finding, explicitly or implicitly, and others would not affect the conclusions of this court, and therefore will not be added. *E & F Realty Co.* v. *Commissioner of Transportation,* 173 Conn. 247, 249, 377 A.2d 302 (1977). The remaining assignments of error involve the weight of the evidence and the credibility of witnesses, the determination of which lies within the province of the trial court. *Dombrowski* v. *Dombrowski,* 169 Conn. 85, 86, 362 A.2d 907 (1975).

A number of the plaintiff's claims are readily answered by the provisions of the relevant statute, § 10-151 (b).[2] Under that subsection, a teacher is entitled to a written notice that contract termination is under consideration, but not to a statement of reasons for termination, unless the teacher in writing requests such a statement. It is conceded that no such request was made by the plaintiff in this

[2] "[General Statutes] Sec. 10-151. . . . (b) Beginning with and subsequent to the fourth year of continuous employment of a teacher by a board of education, the contract of employment of a teacher shall be renewed from year to year, except that it may be terminated at any time for one or more of the following reasons: (1) Inefficiency or incompetence; (2) insubordination against reasonable rules of the board of education; (3) moral misconduct; (4) disability, as shown by competent medical evidence; (5) elimination of the position to which the teacher was appointed, if no other position exists to which he may be appointed if qualified; or (6) other due and sufficient cause; provided, prior to terminating a contract, a board of education shall give the teacher concerned a written notice that termination of his contract is under consideration and, upon written request filed by such teacher with such board within five days after reciept of such notice, shall within the next succeeding five days give such teacher a statement in writing of its reasons therefor. Within twenty days after receipt from a board of education of written notice that contract termination is under consideration, the teacher concerned may file with such board a written request for a hearing, which shall be held within fifteen days after receipt of such request, either before the board of education or, if indicated in such request or if designated by the board, before an impartial hearing panel. . . . If the hearing is before the board of education, the board shall render its decision within fifteen days of such hearing, and shall send a copy of its decision to the teacher. Either hearing shall be public if the teacher so requests or the board so designates. The teacher concerned shall have the right to appear with counsel of his choice at either hearing, whether public or private. A copy of a transcript of the proceedings of either hearing shall be furnished by the board of education, upon written request by the teacher within fifteen days after the board's decision, provided the teacher shall assume the cost of any such copy. Nothing herein contained shall deprive a board of education of the power to suspend a teacher from duty immediately when serious misconduct is charged without prejudice to the rights of the teacher as otherwise provided in this section."

case. Likewise, a teacher is entitled to a copy of the board's decision, but there is no statutory mandate that the board make findings or state the basis for its decision. Finally, there is nothing in the statute to preclude legal representation for the school administration, since the teacher also is permitted to appear with counsel. There is no evidence in this case that the attorney representing the school administration participated in any way in the defendant's deliberative processes, or that he represented the defendant in any way until the case was appealed.

The plaintiff's claim that the board lacked sufficient competent evidence on which to base its decision to terminate cannot withstand the concession in the plaintiff's own brief that there was testimony at the hearing that she had a hostile attitude, resisted criticism, and was not a competent teacher. The plaintiff was orally informed, early in the hearing, that "[t]his Administration will recommend, for reasons of incompetency and insubordination, that the contract with Miss Mauriello be terminated." The testimony before the board was consistent with the notice thus given, and amply supported its resolution that "a sufficient showing of insubordination and incompetency has been made and therefore the subject contract is terminated." The trial court so concluded and we agree.

The plaintiff asserts that the hearing process was defective because the initial notice that termination was under consideration was sent by the board chairman without formal authorization from the board. The statute, § 10-151 (b), requires written notice from "a board of education" that contract termination is under consideration. The trial court found that the letter in question was written after an exec-

utive session of the board during which the question of the date for a meeting to deal with the plaintiff's suspension was discussed, but where no formal action was taken nor discussion had with respect to termination or the consideration of termination. Whether or not the chairman had implied authority to send a notice upon the advice of the superintendent of schools, the board as a whole acquiesced in and ratified the chairman's act by its participation in the two-day hearing. Since the plaintiff in fact received the required notification, she was not prejudiced by the absence of prior board authorization. Cf. *Joanou* v. *Board of Education,* 165 Conn. 671, 674, 345 A.2d 46 (1974).

The plaintiff urges finally that the proceedings in her case, taken as a totality, were lacking in fundamental fairness. We are of course mindful of the fact that a tenured teacher is entitled to a full and fair hearing, to an effective and meaningful opportunity to hear and to be heard, on so significant an issue as termination for cause. *Catino* v. *Board of Education,* supra. The most serious challenge to the proceedings below arises out of the defendant's failure to advise the plaintiff of her right to seek legal counsel. The statute, § 10-151 (b), states only: "The teacher concerned shall have the right to appear with counsel of his choice . . . ." This right implies a reasonable opportunity to procure counsel, and that opportunity may in turn require, as we have held in similar circumstances, inquiry and advice from the board of education or hearing panel. *Cutlip* v. *Connecticut Motor Vehicles Commissioner,* 168 Conn. 94, 96, 357 A.2d 918 (1975) (suspension of motor vehicle operator's license); and see *United States* v. *Kenton,* 262 F. Sup. 205, 208 (D. Conn. 1967) (revocation of parole).

We do not accept the plaintiff's argument that each and every teacher tenure hearing invariably is fatally defective if the teacher is not expressly informed of his or her right to legal representation. The record as a whole may establish that the opportunity to obtain counsel was knowingly waived even without board intervention. Alternatively, the case may be one in which the issues are so clearly framed and so unequivocally presented that absence of counsel is unlikely to be prejudicial.

In the case before us, however, the defendant board ought to have recognized that the plaintiff might well fail to appreciate fully the consequences of the hearing that was being held without the assistance of counsel. The plaintiff asked for an informal hearing about suspension. As the trial court concluded, the nature and tone of this hearing changed from an informal chance for the plaintiff to express herself on the suspension to a formal statutory hearing about termination. When a board of education in a contested case of termination for cause hears charges presented by an attorney for its superintendent it should be alert to the probability that the teacher should be safeguarded in her correlative right to legal representation. The trial court's conclusion that the plaintiff chose knowingly and voluntarily not to be represented by counsel is therefore not consistent with the underlying facts, and was in error.

The plaintiff has, nonetheless, failed to establish in what manner this error was prejudicial. The plaintiff acquiesced in, and participated in, a hearing which, from the outset, she explicitly recognized to encompass termination as well as suspension.

She made no effort to procure counsel during the working day that intervened between the two sessions of the hearing, despite the fact that the record indicates that she had, at an earlier time, talked with a lawyer. In the subsequent hearing in the Court of Common Pleas, at which she was represented by counsel, she was afforded the opportunity to offer testimony in addition to the contents of the transcript, in order to allow an equitable disposition of the appeal in accordance with General Statutes § 10-151 (f). Nothing in that hearing indicates what difference the advice of counsel would in fact have made. There was neither an offer of proof of witnesses nor an offer by way of documentation to mitigate, qualify, or otherwise rebut the defendant's case in chief. The plaintiff has the burden on appeal of proving that the record before the board does not support the action it took. *Conley* v. *Board of Education*, supra, 497–98. Viewing the case as a whole, the trial court determined that there was no basis for concluding that the defendant board had acted arbitrarily, illegally, or in abuse of its discretion. We concur.

There is no error.

In this opinion the other judges concurred.