ROGER PETRINO *v.* BOARD OF EDUCATION OF THE CITY OF SHELTON

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued December 4, 1979—decision released January 1, 1980

*Thomas E. Minogue, Jr.,* with whom, on the brief, were *Sidney L. Dworkin* and *Thomas W. Bucci,* for the appellant (plaintiff).

*John H. Welch, Jr.,* for the appellee (defendant).

PER CURIAM. The sole issue in this case is whether the defendant Shelton Board of Education had due and sufficient cause to terminate the employment of the plaintiff, Roger Petrino, a tenured teacher. After the plaintiff had been found guilty of larceny in the second degree, a Class D felony, the defendant board informed the plaintiff

that he was suspended without pay and that it was considering termination of his teaching contract pursuant to General Statutes § 10-151 (b) (6).[1] The plaintiff thereupon requested and had a hearing before an impartial hearing panel, as authorized by § 10-151 (b).[2] The impartial hearing panel, on the basis of testimony and exhibits before it, found that the plaintiff had been convicted as charged but decided that there was not due and sufficient cause for his termination and recommended dismissal of the charge against him and reinstatement without back pay. The defendant board nonetheless voted to terminate the plaintiff's contract of

---

[1] General Statutes § 10-151 (b) provides in relevant part: "Beginning with and subsequent to the fourth year of continuous employment of a teacher by a board of education, the contract of employment of a teacher shall be renewed from year to year, except that it may be terminated at any time for one or more of the following reasons: . . . or (6) other due and sufficient cause; provided, prior to terminating a contract, a board of education shall give the teacher concerned a written notice that termination of such teacher's contract is under consideration and, upon written request filed by such teacher with such board within five days after receipt of such notice, shall within the next succeeding five days give such teacher a statement in writing of its reasons therefor."

[2] The relevant part of § 10-151 (b) states: "Within twenty days after receipt from a board of education of written notice that contract termination is under consideration, the teacher concerned may file with such board a written request for a hearing, which shall be held within fifteen days after receipt of such request, either before the board of education or, if indicated in such request or if designated by the board, before an impartial hearing panel. The impartial hearing panel shall consist of three members appointed as follows: The board of education shall appoint one panel member, the teacher shall appoint one panel member, and those two panel members shall choose a third, who shall serve as chairperson. Within fifteen days after the hearing before an impartial hearing panel, such panel shall submit in writing its findings and a recommendation to the board of education as to the disposition of the charges against the teacher, and shall send a copy of such findings and recommendation to the teacher."

employment, whereupon the plaintiff appealed to the trial court pursuant to § 10-151 (f).[3] From the subsequent dismissal of his appeal by the trial court and its rendering of judgment for the defendant, the plaintiff now appeals to this court.

The plaintiff argues that the defendant board's refusal to accept the decision and recommendations of the impartial hearing panel was an abuse of its discretion. We do not agree. Under *Catino* v. *Board of Education,* 174 Conn. 414, 417, 389 A.2d 754 (1978), the defendant board was bound by the panel's findings of fact but not by its legal conclusions or by its recommendations. The panel found facts in substantiation of the plaintiff's conviction and of the procedures that led to his termination, and nothing else. "The jurisdiction and discretion to determine what . . . may be [due and sufficient cause] rests in the hands of the school authorities." *Tucker* v. *Board of Education,* 177 Conn. 572, 578, 418 A.2d 933 (1979). Although its discretion is not unfettered; see id.; the defendant board could properly conclude, on the basis of testimony in the record, that conviction of a felony constituted due and sufficient cause under § 10-151 (b) (6) to terminate the plaintiff's employment.

There is no error.

---

[3] Section 10-151 (f) states, in relevant part: "Any teacher aggrieved by the decision of a board of education after a hearing as provided in subsection (b) of this section may appeal therefrom, within thirty days of such decision, to the superior court for the judicial district in which such board is located."