[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Lori Shanbrom, has applied for a preliminary injunction to prevent the defendant Orange Board of Education ("board") and certain officials of the Orange public schools from preventing her from performing duties as an employed schoolteacher in the Orange public schools when school starts in September and CT Page 1926 pending the determination of her claims. Prior to the commencement of the school year, counsel for the parties were notified of the denial of the application. This memorandum sets forth the reasons for the denial.
The court received evidence as to this application in the form of a stipulation of facts and a joint submission of documents. The plaintiff and the board stipulated that the plaintiff was hired by the board as a teacher and commenced work on September 1, 1987, and that her teaching contract was continued for the 1988-89 and 1989-90 school years On March 12, 1990, the board voted not to renew the plaintiff's contract for the following school year. The vote consisted of three votes for nonrenewal and three abstentions. The chairman declined to cast a vote. The plaintiff received notice of this decision on March 16, 1990. Pursuant to the Teacher Tenure Act, 10-151a C.G.S., she requested the reason for nonrenewal at a hearing. The parties have stipulated that the board gave the plaintiff a timely statement of reasons for nonrenewal and afforded her a hearing, which was held on April 30 and May 10, 1990. The plaintiff was represented by counsel and she presented witnesses and documents. After the hearing, a member of the Board made a motion "to offer Lori Shanbrom a teaching contract for the school year 1990-1991." Five members of the ten-member Board voted in favor of the motion and five voted against it, and the motion failed, leaving intact the prior vote not to renew her contract for the 1990-91 school year.
The parties have further stipulated that the last day of the plaintiff's employment was June 30, 1990.
The plaintiff claims to have demonstrated probable success on the merits of her claims that
— the vote by three members of the ten-member board was insufficient to nonrenew her contract for the 1990-91 school year
— the board's reasons for nonrenewal were arbitrary and capricious and should be set aside by the court upon its own review of the evidence adduced at the hearing requested by the plaintiff
— the failure of the board to implement fully a statutorily required evaluation system precluded it from nonrenewing her contract for reasons related to her performance.
— the hearing afforded to her by the Board was deficient because the board's counsel also served as counsel to the school administrators, presenting the case for nonrenewal and cross-examining witnesses presented by the plaintiff. CT Page 1927
— the nonrenewal is invalid because the board did not comply with the requirements of 10-151 (c) at the conclusion of the hearing requested by the plaintiff, specifically, it did not vote to rescind or leave in place its decision not to renew her contract.
The purpose of a preliminary injunction is to preserve the status quo and protect the movant from immediate and irreparable harm until the rights of the parties can be determined upon a full hearing on the merits of the claim for permanent injunctive relief. Olcott v. Pendleton, 128 Conn. 292, 295 (1941). Deming v. Bradstreet, 85 Conn. 650, 659 (1912).
In assessing what it termed the analogous situation of the granting of a stay of an administrative order in Griffin Hospital v. Commission on Hospitals and Health Care, 196 Conn. 451, 457
(1985), the Connecticut Supreme Court, citing Olcott v. Pendleton, supra, stated that entitlement to such temporary relief requires a showing of 1) probable success on the merits of the claim and 2) a balancing of the results which may be caused to one party or the other from the granting of such temporary relief. The Court in Griffin Hospital, supra, at 448, also cited with approval Covenant Radio Corporation v. Ten Eighty Corporation, 35 Conn. Sup. 1, 3
(1977), which enunciates as additional requirements for temporary injunctive relief 3) irreparable injury and 4) lack of an adequate remedy at law.
The plaintiff invokes the due process clauses of the federal and state constitutions and asserts that she has been deprived of her property and liberty interests in her employment without procedural or substantive due process of law.
In order to be entitled to due process as to the termination of employees, a public employee must have a property interest in continued employment. Board of Regents v. Roth, 408 U.S. 564
(1972). Pursuant to the statutory scheme governing teacher tenure in Connecticut, 10-141 C.G.S., a teacher acquires tenure by "the completion of thirty schools months of full-time continuous employment for the same board of education." 10-151 (a)(6)( A) C.G.S. As of March 12, 1990, when the board voted not to renew her contract for the following year, the plaintiff had not obtained tenure, and had no expectation of continued employment because the board had the option, by operation of 10-151 (c) C.G.S. to decide not to renew her contract merely by voting to that effect and giving her notice by April 1 that her contract would not be renewed for the following year. Such a vote defeated any expectancy of employment beyond the school year in which the vote occurred. CT Page 1928
The plaintiff contends that despite the nonrenewal vote of the board, she had an expectancy of future employment because she had not been advised before the nonrenewal vote that her employment was in jeopardy. The legal expectancy of future employment is based on contractual or statutory entitlement, not on a teacher's mere expectation of the future staffing plans of the board of education. By law, the plaintiff was a nontenured, probationary employee as of March 12, 1990, and, like the plaintiff in Roth, supra, she had no legal expectation of continued employment. Accordingly, her procedural rights were limited to those required by 10-151 (c) as to nontenured teachers whom a school has elected not to renew.
Section 10-151 C.G.S. sets up a dichotomy between nontenured and tenured teachers with regard to the procedures for ending employment. It further sets up a dichotomy as to nontenured teachers who are terminated for cause and those who are terminated pursuant to a statutory option of a board simply to decline to employ for the next year a teacher who is still probationary.
The applicable portion of 10-151 (c) C.G.S. states:
 (c) The contract of employment of a teacher who has not attained tenure may be terminated at any time for any of the reasons enumerated in subdivisions (1) to (6), inclusive, of subsection (d) of this section; otherwise the contract of such teacher shall be continued into the next school year unless said teacher receives written notice by April first in one school year that such contract will not be renewed for the following year.
Section (c) further specifies that non-tenured teachers who receive notice of discretionary nonrenewal may request a statement of the reasons for nonrenewal and hearing.
The stipulation of the parties includes facts establishing that the plaintiff was afforded all the procedural rights of a non-tenured teacher who is being non-renewed for a future school year at the discretion of the board.
The plaintiff further contends, however, that her nonrenewal violated her right to substantive due process in that the reasons for the board's initial vote not to renew were, she contends, so insufficient as to be capricious.
Section 10-151(c) clearly provides that there is no right to appeal in such circumstances: "[n]o right of appeal shall exist CT Page 1929 if (A) a teacher who has not attained tenure has received [a] nonrenewal notice prior to April first of a school year . . ." In Kolenberg v. Board of Education, 206 Conn. 113, 121 (1988) the Connecticut Supreme Court ruled that, pursuant to 10-151, the superior court has jurisdiction to examine a board's termination of a tenured teacher but that the court lacks jurisdiction to review employment actions not so subject to a statutory right of appeal. The plaintiff's reliance on Devlin v. Bennett, 26 Conn. Sup. 102
(1965) is misplaced. The trial court in Devlin did not hold that probationary teachers are entitled to court review of the substantive justifiability of a board's decision not to renew their employment for the next school year. Rather, the trial court in Devlin, supra at 111, recognized that "[t]he fundamental purpose of a [hearing following a vote not to renew] is to give a probationary teacher . . . a full and fair opportunity to persuade and convince the board that it is mistaken in that decision." While the board's vote herein was oddly formulated, the vote of five board members in favor of continued employment and five against meant that the plaintiff failed to convince the board that the vote not to renew was mistaken.
The plaintiff's substantive due process argument is no more than an invitation to the court to substitute its judgment for that of the school board, a task beyond the court's jurisdiction pursuant to 10-151 C.G.S. as construed by the Connecticut Supreme Court.
The plaintiff did not establish probable success on the merits of her claim that the initial decision not to renew was invalid pursuant to the board's voting procedures. She adduced no evidence to indicate that under the board's own procedures a unanimous vote of all board members present and voting is insufficient to carry a motion.
The plaintiff contends that the board could not decline to renew her employment because it had failed fully to implement the requirements of 10-151b as to the systematic evaluation of teachers. Since the discretionary nonrenewal of a probationary teacher is not required to be for due cause, the described deficiencies in the evaluation program do not constitute a legal bar to nonrenewal of her employment.
The remaining claim pursued by the plaintiff at the hearing as to her application for injunctive relief is that counsel for the board also served as counsel for the school administrators at the hearing which followed the vote not to renew her contract. In Mauriello v. Board of Education, 176 Conn. 466, 471 (1979), the Connecticut Supreme Court has indicated that dual representation of the school administrators and the board trigger due process considerations only if the same attorney who presents the case for CT Page 1930 termination serves as advisory counsel to the board when it deliberates on the case. The plaintiff presented no evidence to indicate that the board's attorney filled a dual role in connection with the initial vote not to renew. At the hearing at which the plaintiff attempted to convince the board to change its prior vote, the plaintiff has stipulated that while "the attorney was present during the board's deliberations and gave the board legal advice, [he] did not participate in the deliberations at that time nor express an opinion on the merits of the nonrenewal decision." The stipulation further reveals that the plaintiff and the attorney were permitted by the board to be present during its post-hearing deliberations.
The plaintiff has failed to establish a likelihood Of success in the merits of this claim or any of the claims raised in her complaint.
Accordingly, whether or not she could satisfy the remaining requirements for preliminary injunctive relief, such relief cannot be granted because of the absence of a demonstrated likelihood of success on the merits of any of her legal claims.
The application for a preliminary injunction is denied.
Beverly J. Hodgson, Judge