[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal pursuant to G.S. 10-151 from the decision of the defendant to terminate the plaintiff as a vice-principal. The plaintiff alleges that (1) the May 10, 1991 meeting of the defendant at which the plaintiff was terminated was illegal; (2) there was no layoff procedure in the union contract nor in the written policy of the defendant; (3) the process selected by the defendant for termination was biased, unfair and tainted; and (4) the defendant filed to prove that there were no other available administrative or teaching positions for which the plaintiff was qualified.
The plaintiff was a teacher employed by the defendant for twenty-two (22) years, the last sixteen (16) of which he was a vice-principal at the Bloomfield High School from 1975 until his termination in 1991. In the 1989-1990 school year the defendant directed Superintendent of Schools, Dr. Paul Copes, to eliminate one of the three positions of vice-principal at the high school, a budgetary means of freeing up money for improvements of the library program in the purchase of new books. The three positions were then occupied by the plaintiff for fifteen (15) years, Vaughn Ramseur for ten (10) years and Paul Ryan for three (3) years. Dr. Copes notified Mr. Ryan, as the least senior member all being deemed satisfactory that his position was being eliminated. Mr. Ryan filed a grievance with Dr. Copes that he has misinterpreted the contract between the defendant and the Board of Administrators Association (B.A.A.) concerning a reduction in force (R.I.F.). The B.A.A. met twice to decide the procedure that should be employed in a R.I.F. situation. On both occasions the vote was tied, half for a qualitative procedure, that is, that the one who has the least seniority in position be eliminated if work of those involved are satisfactory, and half for the quantitative procedure, that is, upon computing scores on the basis of evaluations of the individuals involved over a period of time and on performances, the one with the worst evaluation computation being eliminated. The plaintiff was not notified of either meeting, although he was the vice-president of the B.A.A., and did not participate. CT Page 4395 Mr. Ramseur, as president of the B.A.A., did not participate in the tied votes but on the second occasion voted to break the tie for the quantitative procedure. All members other than the plaintiff attended each of these meetings. The recommendation was conveyed to Dr. Copes who considered the evaluation of each of the three involved with particular attention to the last three evaluations but focusing on the evaluation of the 1989-90 school year and decided to recommend elimination of the plaintiff's position. The recommendation of Dr. Copes was accepted by the defendant and the plaintiff requested a written statement and then a hearing before an impartial panel pursuant to G.S. 10-151. On May 8, 1991, by a majority decision, the panel recommended to the defendant that the plaintiff's position be eliminated which recommendation was accepted by the defendant on May 10, 1991. It is from this decision that the plaintiff appeals.
Both parties moved to supplement the record and the court restricted such evidence to the issue claimed by the plaintiff that there were irregularities in the meeting of the defendant on May 10, 1991 and that the decision of the defendant on May 10, 1991 was illegal. This evidence produced that the panel's findings and recommendations were received by the defendant on May 9, 1991, packaged with a notice for a special meeting on May 10, 1991 at 5 P.M. and delivered by messenger to the office of the Town Clerk and the addresses of the seven (7) Board members that afternoon. The Town Clerk's notice was time stamped May 10, 1991 and she doesn't remember when or how it was received. The Board chairperson called the other six (6) Board members and found one was out-of-town for an extended time, one was leaving the night of the 10th and two others were leaving the following week. She also received a call from the plaintiff's attorney requesting to post-pone the meeting because of a prior engagement of his. Because of the up-coming budgetary meetings, she refused. At the meeting, a quorum of four (4) members were present and a page of the panel's report which has been missing from the packet delivered to them was at each place. The chairperson asked if all members had read the panel's findings and recommendation and with an affirmative response, the Board moved to go into executive session. The plaintiff was present, objected to the proceedings because of the speed and lack of counsel but not to the executive session. At 6:15 P.M. the plaintiff was called back into the room and the defendant's acceptance of the majority decision of the panel was given orally.
 I.
The plaintiff claims that because the notice of the special meeting of the defendant was not posted in the Town Clerk's CT Page 4396 office for twenty-four (24) hours prior to the meeting at 5 P.M. on May 10, 1991 pursuant to C.G.S. 1-21, the meeting was illegal. Both the plaintiff and his attorney received notice more than twenty-four (24) hours before the meeting and the evidence presented here is in conflict as to whether the Town Clerk had the notice to post twenty-four hours before the meeting. No appeal had been taken to the Freedom of Information Commission as provided in G.S. 1-21i(b) within thirty (30) days from the plaintiff's notice in fact. The plaintiff was present and was heard before the defendant considered the findings and panel's recommendations.
The function of the defendant at the meeting was to accept or reject the recommendations of the panel but would be bound by the panel's findings of fact unless unsupported by the evidence. Catino v. Board of Education, 174 Conn. 414, 417-8. Since the majority decision of the panel concurred with the original decision of the defendant to eliminate the plaintiff's position, there would be very little additional remarks to be heard. However, the plaintiff was present and was heard. Absent a showing that any alleged irregularity in administrative proceedings was prejudicial to the substantive rights of the appellant no corrective action is warranted by the court. Lee v. Board of Education, 181 Conn. 69, 84.
 II.
The plaintiff claims he was illegally terminated because there was no layoff procedure agreed upon by the defendant and the B.A.A. nor a written policy of the board as provided by G.S.10-151(d)(5)(A) and (B).
The defendant was proceeding with the "elimination of the position to which the teacher was appointed" pursuant to G.S.10-151 (d)(5). The contract between the defendant and the B.A.A. provided for a "reduction in force" in Article V, section 5.2. the panel majority determined that the superintendent properly applied this language in designating the plaintiff's position as the one eliminated. The court's function in reviewing the action of the board pursuant to C.G.S. 10-151 (f) is to determine whether the board has acted illegally and not to substitute its judgment for that of the board. Rado v. Board of Education, 216 Conn. 541, 555. The superintendent, after Mr. Ryan filed a grievance concerning his elimination, consulted the B.A.A. who voted in favor of the quantitative procedure to be applied to the "reduction in force" provision of their contract. The "duty to bargain in good faith" is a term of art in labor law. It includes the duty to negotiate any questions rising under an existing contract. Board of Education v. State Board of Labor Relations, 217 Conn. 1101, 120-1. The CT Page 4397 superintendent testified before the panel that applying the factors provided by the contract, Mr. Ramseur was not in jeopardy and Mr. Ryan's score was higher than the plaintiff's. Since seniority in position only applied if the people in position are found to be equal in qualification, the seniority of the plaintiff did not prevent his position from elimination. The court must find that the decision was based upon substantial evidence and proper reasons. Lee v. Board of Education,181 Conn. 69, 81.
 III.
The due process rights of a tenured teacher are well defined. As a matter of constitutional law, the plaintiff was entitled to (1) notice of the fact of and the alleged reasons for his proposed termination, (2) an opportunity for a meaningful hearing to contest the termination and (3) a written statement of the decision reached, the reasons for the determination, and a summary of the evidence relied upon. LaCroix v. Board of Education, 199 Conn. 70, 86. All these procedures were afforded the plaintiff.
The plaintiff has raised several points of alleged collusive behavior particularly as to the complicity of Mr. Ramseur, with the allegation that his position was in jeopardy. It is clear from the evidence presented to the panel that Mr. Ramseur's position was not in jeopardy. The only annoyingly inexplicable behavior of Mr. Ramseur was his failure to notify the plaintiff as to two very important B.A.A. meetings where votes were to be taken as to the procedure to be recommended to Dr. Copes as to R.I.F., qualitative or quantitative. The plaintiff was at home because of injury. It is also clear that Dr. Copes, having applied the qualitative procedure, had no intention to apply it again when the factors offered in Sec. 5.2 would favor the most qualified administrator. A court reviewing an administrative determination cannot engage in surmise and conjuncture to determine whether the decision was lawfully reached. Lee v. Board of Education, 181 Conn. 69, 82.
 IV.
G.S. 10-11(d)(5) as well as Article VIII, Section O.d. of the contract provides that where the position of a teacher is eliminated he may if qualified, be appointed to a vacancy, a non-tenured teacher's position or bump a less senior tenured teacher. Dr. Copes testified there was no such position available and his cross-examination covered a litany of positions which for the plaintiff could not qualify. There was no evidence offered to contest Dr. Copes' testimony and there was nothing to defeat its credit. CT Page 4398
For the above reasons, the appeal is dismissed.
CORRIGAN, J.