[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Local 1042, Council 4, AFSCME, AFL-CIO, is an employee organization ("Union") under the Municipal Employees Relations Act (MERA, § 7-467, et seq.), which represents custodial and maintenance employees of the Norwalk Board of Education ("Norwalk") for purposes of collective bargaining.
The Connecticut State Board of Labor Relations ("CSBLR") is an administrative agency within the State Department of Labor, authorized pursuant to General Statutes § 7-471 to enforce collective bargaining rights under MERA. Two members of the plaintiff union filed complaints with the CSBLR alleging that the president of the plaintiff union had violated their rights under MERA by coercing, restraining or intimidating them from the exercise of their collective bargaining rights. The CSBLR, following a contested hearing, found the union had violated MERA by restraining the complainants in the exercise of their protected rights under § 7-468 (a) in violation of § 7-470 (b)(1) by fining them, suspending them, filing complaints with the CSBLR against the complainants, seeking punitive damages against them, and seeking employer discipline against the complainants. The union was further found to have violated its duty of fair representation (§ 7-468 (d)) by failing to represent the complainants in grievance proceedings involving employer discipline.
The union contests the portion of the labor board's decision which orders them to pay the complainants' attorneys' fees and costs incurred in the processing of the Labor Board cases. The Labor Board's decision is dated March 26, 1998. The union filed this administrative appeal on May 7, 1998. The appeal is brought CT Page 7686 pursuant to the Uniform Administrative Procedures Act ("UAPA") General Statutes § 4-166 et seq., § 4-183. The CSBLR filed the record on November 10, 1998. Plaintiff filed briefs on January 19, 1999 and March 29, 1999. The defendant CSBLR filed a brief on March 18, 1999. The parties were heard in oral argument on May 20, 1999.
In its brief, the plaintiff raises only two issues: (1) the authority of the Labor Board to award attorneys' fees; and (2) the propriety of the order for payment of attorneys' fees and costs without any provision for an evidentiary hearing. All issues in the appeal which are not briefed are viewed as abandoned. Collins v. Goldberg, 28 Conn. App. 733, 738 (1992).
At the outset, the court notes the "standard of review for all of the plaintiffs claims on appeal. Because [the court is] reviewing the decision of an administrative agency, [the court's] review is highly deferential. . . . Ordinarily, this court affords deference to the construction of a statute applied by the administrative agency empowered by law to carry out the statute's purposes. . . . [A]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . Furthermore, when a state agency's determination of a question of law has not previously been subject to judicial scrutiny . . . the agency is not entitled to special deference. . . . [I]t is for the courts, and not administrative agencies, to expound and apply governing principles of law. . . ." (Citations omitted; internal quotation marks omitted.) Bezzini v. Dept. of Social Services,49 Conn. App. 432, 436 (1998).
The plaintiff, in arguing for a constrained construction of the "affirmative action" language of § 7-471 (5)(B) cites the case of Bridgeport Hospital v. Commission on Human Rights andOpportunities, 232 Conn. 91 (1995). In Bridgeport Hospital, the Supreme Court construed the "affirmative action" language of § 46a-86 as it related to employment discrimination claims under § 46a-60, to preclude the award of attorneys' fees by the agency (CHRO). The Bridgeport Hospital decision is based on the peculiar history of § 46a-60 and § 46a-86. Section 46a-60 which addresses employment discrimination is not included in section CT Page 7687 (46a-86 (c))[1] which provides for the award of compensatory damages, attorneys' fees and other costs to remedy other types of illegal discrimination. "The express exclusion of § 46a-60 from46a-86 (c) and (d) evidences intent not to authorize compensatory damages other than back pay as provided for in subsection (b) and attorneys' fees for employment discrimination." Bridgeport Hospital v. Commission on HumanRights and Opportunities, 232 Conn. at 101. There is no similar internal limitation of the application of the remedial provisions of the MERA[2] This is a critical fact asBridgeport Hospital relied on the itemization in § 46a-86 to construe § 46a-60 to not authorize attorney's fees.232 Conn. at 100-101. The term "affirmative action" also had a meaning in employment discrimination law which did not include compensatory damages. See Local 28 of the Sheet Metal Worker'sInternational Assn. v. Equal Employment OpportunitiesCommission, 478 U.S. 421, 448-49, 106 S.Ct. 3019, 92 L.Ed.2d 344
(1986), cited in Bridgeport Hospital, 232 Conn. at 108.[3]
The Labor Board has a long history of awarding attorneys' fees and costs to prevailing parties. See Killingly Board ofEducation, Decision No. 2118 (1982); Mahalia Jackson Day CareCenter, Decision No. 2137 (1982); Connecticut State Board ofLabor Relations v. Mahalia Jackson Day Care Center, Docket No. 206199 (J.D. Fairfield at Bridgeport, December 13, 1982, Celotto, J.); Branford Board of Education, Decision No. 2274 (1984); Hayco Management Company, Decision No. 2329 (1984); Cityof Milford, Decision No. 2465 (1986), appeal dismissed., Local1566. Council 4. AFSCME. AFL-CIO v. Connecticut State Board ofLabor Relations, et al, Docket No. 316928 (J.D. Hartford/New Britain at Hartford, September 30, 1988, Goldstein, J.);Farmington Board of Education, Decision 2627 (1988); State ofConnecticut, Decision No. 3064 (1993); City of Hartford, Decision No. 3069 (1993); Town of Hamden, Decision No. 3077 (1993); City of New Haven, Decision 3081 (1993); City ofBridgeport, Decision No. 3395 (1996); Town of East Hartford, Decision No. 3571 (1998).
The New Haven Board of Education decision was affirmed inAFSCME Local 287 AFL-CIO v. Connecticut State Board of LaborRelations, Docket No. 558128 (J.D. Hartford/New Britain at Hartford, November 26, 1996, McWeeny, J.) This decision was affirmed by the Appellate Court in AFSCME Council 4, Local 287v. State Board of Labor Relations, 49 Conn. App. 513 (1998). In its decision the Appellate Court noted at 49 Conn. App. 521: CT Page 7688 "General Statutes § 7-471 (5) directs the board that if it finds that a party is committing a practice prohibited by the Act, to `take such affirmative action as will effectuate policies of (the Act)' awarding the employer costs and expenses is well within the discretion of the board."
The long history of the Labor Board practice of awarding attorneys' fees and the judicial review of such practice including an Appellate Court decision, presents a scenario where the issue is hardly one of first impression. The authority of the Labor Board to award attorneys' fees and costs is established.
The Board's order with respect to fees reads as follows: "II f. Pay to Siok and Folsom all attorneys' fees and other costs incurred in the processing of these consolidated cases and Case No. MPP-16, 003;"[4]
The determination of the amount of "attorneys' fees and other costs incurred" will, in the absence of a willingness by the union to pay any amount requested, require evidentiary proceedings. The counsel for the Labor Board noted the existence of regulations relating to back pay awards which are somewhat analogous, but conceded that such regulations do not address specifically the determination of attorneys' fees and costs.
The award of attorneys' fees and costs was not presented by the Labor Board as a penalty, but rather an equitable proceeding to compensate a party for its reasonable expenses in defending the meritless case, or in this instance intimidation by their statutorily designated collective bargaining representative. The due process of law requires that the union be afforded an opportunity to examine the reasonableness of the "attorneys' fees and costs incurred in the processing". There was error for the Labor Board to fail to provide the opportunity for such proceedings either in its order or in its regulations. SeeCatino v. Board of Education, 174 Conn. 414, 419 (1978).
The appeal is sustained. The matter is remanded to the Labor Board for a hearing limited to a determination of the specific amount of "attorneys' fees and other costs". The Labor Board's determination that the union violated the complainants' rights under MERA will not be at issue, nor will the appropriateness of an award of attorneys' fees and costs. The only issue to be determined is the specific amount of such orders. CT Page 7689
Robert F. McWeeny, J.