[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION OF MEMORANDUM OF DECISION
The plaintiff, William Cleveland, was at all times relevant to this complaint, a tenured teacher employed by the Norwich Board of Education.
On or about February 18, 1998, the defendant, Norwich Board of Education (Board), voted to terminate the plaintiff's contract of employment.
On or about February 20, 1998, the Board issued its written decision terminating the plaintiff's teaching contract on the basis of "other due and sufficient cause.
The claim of the plaintiff is that the decision of the Board to terminate the plaintiff's employment contract is a) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; b) arbitrary and capricious; c) in violation of Connecticut General Statutes § 10-151 (d); and d) affected by other error of law.
 Facts
In February of 1998, the impartial hearing panel did issue its Finding of Facts and Recommendations. The panel articulated 61 Finding of Facts.
"Finding of Facts" numbers 16 through 39 inclusive refer to an event of February 22, 1997, wherein the plaintiff, with the permission of the student's parent, took the minor in the plaintiff's vehicle to a remote location. At this location, the plaintiff sought to empower the student by engaging him in a word game which included the use of street vulgarities and "slang words for body parts and sexual activities."
 Finding of Facts numbers 60 and 61 are the following: CT Page 10779
 "60. In light of the foregoing, a majority of the panel finds that the conduct of the (plaintiff) did not constitute moral misconduct."
 "61. Further, a majority of the panel finds that the conduct of the (plaintiff) did not constitute other due and sufficient cause to terminate his contract."
The impartial hearing panel did recommend that the plaintiff's contract of employment not be terminated.
On February 18, 1998, the Board voted to terminate the employment contract of the plaintiff upon the ground of ""Other Due and Sufficient Cause."
 Issues
1. Are the "Finding of Facts" of the impartial hearing panel No. 60 and No. 61 findings of fact that are binding on the Board of Education.
2. In the event that No. 61 is conclusion of law or a recommendation of the impartial hearing panel and not binding on the Board of Education, are there sufficient findings of fact to support the Board of Education's decision to terminate the plaintiff's contract for "other due and sufficient cause."
 Discussion
Aggrievement is the standard jurisdictional prerequisite to an appeal from any administrative agency decision. See Local 1303 Local 1378, 191 Conn. 173, 177. Thus, the question of aggrievement is a jurisdictional one, and claims of aggrievement present an issue of fact for the determination of the court, with the burden of proving aggrievement resting upon the plaintiff who has alleged it. Nader v. Altermatt, 166 Conn. 43, 59 (1974). Aggrievement itself cannot be admitted. It is a legal conclusion for the court to make after proof. See I.R. Stitch Associates,Inc., 155 Conn. 1, 3.
The parties have stipulated to two facts: 1) that Mr. Cleveland, plaintiff, was a tenured teacher employed by the Norwich Board of Education; and 2) the Norwich Board of Education voted to terminate Mr. Cleveland's contract of employment. Based CT Page 10780 upon these facts, the court finds that the plaintiff is aggrieved.
"When considering termination of a tenured teacher's employment contract, a school board acts like an administrative agency, in a quasi-judicial capacity." Tomlinson v. Board ofEducation, 226 Conn. 704, 712, 629 A.2d 333 (1993), citingMauriello v. Board of Education, 176 Conn. 466, 469, 408 A.2d 247
(1979). "Consequently, on appeal from a school board decision, the proper scope of review is that applicable to administrative appeals." Tomlinson, Id. at 712. Thus, the standard of review to be applied here is that of judicial review of administrative rulings, set forth in Connecticut General Statutes § 4-1 83(j). See, Id., 712-13.
It is clear that the scope of this court's review is limited. Pursuant to Connecticut General Statutes § 4-183 (j): The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions or decisions are: 1) in violation of constitutional or statutory provisions; 2) in excess of the statutory authority of the agency; 3) made upon unlawful procedure; 4) affected by other error of law; 5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or 6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In challenging an administrative agency's action, a plaintiff has the burden of proof. Sampere v. Inland Wetlands Commission,226 Conn. 579, 587. The plaintiff must establish that substantial evidence does not exist in the record as a whole to support the agency's decision. Id. (Citations omitted.)
The plaintiff brings his appeal from such termination of contract pursuant to Connecticut General Statutes § 10-151. In accord with Connecticut General Statutes § 10-151 (d) the parties did select an impartial hearing panel to conduct hearings and submit written findings and recommendations to the Board for final disposition. The subject statute does specify six grounds for termination of a teacher's contract including "other due and sufficient cause." It is this ground of "other due and sufficient cause" that is the basis for the termination of plaintiff's CT Page 10781 contract by the Board.
The Connecticut Supreme Court in Tucker v. Board ofEducation, 177 Conn. 572, 577, 418 A.2d 933 (1979), has treated the phrase, "other due and sufficient cause" as equivalent to good cause citing with evident approval a definition of that term taken from Rinaldo v. School Committee of Revere, 294 Mass. 167,169, 1 N.E.2d 37 (1937): "Good cause includes any ground which is put forward by the llschoolll committee in good faith and which is not arbitrary, irrational, unreasonable or irrelevant to the committee's task of building up and maintaining an efficient school system." In Tucker, we declared that "the decision to terminate must be reached after a careful examination of all pertinent factors relating to the particular situation, with due consideration of the effect of the teacher's conduct will have on the school authorities as well as the students." Rado v. Board ofEducation, 216 Conn. 541, 554, citing Tucker, supra, 580.
In the matter at bar, the impartial hearing panel made a "finding of facts," in essence, that there is no "other due and sufficient cause" to terminate the plaintiff's contract. In the event this is a proper finding of fact, it would be binding on the Board and there would be no other basis upon which to termination of the plaintiff's employment contract.
The Board considered finding of facts No. 60 and No. 61 not as finding of facts but "conclusions of law and/or recommendations" and, therefore, it is discretionary upon the Board whether to accept or reject such recommendations.
In order to determine the issues before us, this court must distinguish matters of fact from matters of law. Matters of fact are that which is to be ascertained by the senses or by the testimony of witnesses describing what they have perceived. Matters of law are whatever is to be ascertained or decided by the application of statutory rules or the principles and determinations of the law, as distinguished from the investigation of particular facts. Black's Law Dictionary, 4th Edition, p. 1130 (1951).
It is the opinion of this court that "finding of facts" No. 60 and No. 61 are not findings of fact but are conclusions of law in the nature of recommendations.
The authority of the impartial hearing panel is to find facts CT Page 10782 and to make recommendations to the Board based upon those facts. The impartial hearing panel attempted through its "finding of facts" to impose a disposition it, the panel, favored. The impartial hearing panel can only recommend a disposition. Any disposition is the prerogative of the Board of Education. The impartial hearing panel did exceed its statutory authority and did infringe upon that which is the authority of the Board.
A school board "has discretion to accept or reject a recommendation from an impartial hearing panel," though it is bound by a panel's finding of facts unless unsupported by evidence. Rado, supra, 555 quoting Catino v. Board of Education,174 Conn. 414, 417-18, 389 A.2d 754 (1978).
The Board had the authority to interpret "findings" No. 60 and No. 61 as recommendations and not as findings of facts. Accordingly, it is within the discretion of the board to accept or reject any recommendations of the panel. The Board accepted recommendation No. 60 and elected to reject recommendation No. 61.
The plaintiff does not challenge the sufficiency of the notice and hearing requirements of Connecticut General Statutes §10-151. It is noteworthy that many of the findings of the impartial hearing panel are positive and favorable to the plaintiff. The plaintiff does not dispute the findings of fact.
The decision of the Board is not clearly erroneous in view of the substantial evidence; is not arbitrary or capricious; is not in violation of Connecticut General Statutes § 10-1 51(d); and is not affected by other error of law.
Effective judicial review of administrative decisions requires that such decisions be based on substantial evidence and proper reasons. Lee v. Board of Education, 181 Conn. 69, 81 (1980).
The court finds that the finding of fact #16 through and including 39 are sufficient grounds to establish "other due and sufficient cause" standard. The decision of the Board to terminate the contract is supported by the findings of the panel and satisfies the statutory criterion for termination.
In reviewing the decision of a school board, the court's ultimate duty is only to decide whether, in light of the evidence, the (Board) has acted unreasonably, arbitrarily, CT Page 10783 illegally or in abuse of its discretion. Barnett v. Board ofEducation, 232 Conn. 198, 207. This court finds that the Board has not so acted.
Accordingly, the appeal of the plaintiff is dismissed.
Miano, J.