LEPSHA PETROVICH *v.* NEW CANAAN BOARD
OF EDUCATION
(10153)

SPEZIALE, C. J., HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued January 7—decision released March 29, 1983

*Martin A. Gould,* for the appellant-cross appellee (plaintiff).

*Frank W. Murphy,* for the appellee-cross appellant (defendant).

PARSKEY, J. The plaintiff is a nontenured, part-time teacher at New Canaan High School, whose position was terminated following a town referendum requiring the defendant to reduce its expenditures for the 1974-75 school year. The plaintiff brought an action seeking a declaratory judgment and a mandatory injunction reinstating her to a teaching position in the New Canaan school system and damages. From the judgment awarding her back pay for the 1974-75 school year only the plaintiff has appealed and the defendant has cross appealed. We find no error.

The facts are not in dispute. The plaintiff began teaching in New Canaan in 1972 as a part-time high school French teacher. As a result of the referendum rejecting the proposed school budget the defendant, on August 12, 1974, terminated the only two nontenured teachers at the high school level and replaced a full-time junior high school teacher on leave with a part-time replacement for one year.

By letter dated August 14, 1974, the superintendent of the New Canaan school system informed the plaintiff that her position had been eliminated. Subsequently, by letter dated August 30, 1974, the superintendent notified the plaintiff that her

employment had been terminated. Previously, he had written to the plaintiff on July 16, 1974, alerting her and others in the same situation of the problem anticipated as a result of the upcoming referendum which later occurred on July 30, 1974, and in which the budget was overwhelmingly defeated, requiring the entire budgetary process to begin again.

On October 28, 1974, a formal hearing was conducted at which the plaintiff and her counsel were given a full opportunity to present her views to the board of education. The termination was ratified and she was so notified on November 8, 1974. Finally, on February 26, 1975, the plaintiff was notified that she would not be given a contract for 1975-76 because of staff reductions due to declining enrollments and "various other considerations." The letter further states that although the board of education considers the "termination of contract" instituted prior to the commencement of the school year 1974-75 still in effect, this letter notice is given without prejudice to plaintiff's or defendant's rights in her pending legal action against the board of education. "In other words, this notification is a formality" to remove any question in the plaintiff's mind with regard to defendant's intention concerning her employment in 1975-76. Upon receipt of this letter the plaintiff did not request either a written supplemental statement of reasons for nonrenewal or a hearing before the board of education or an impartial panel.

"Section 10-151(a) [of the General Statutes], the relevant portion of what is commonly referred to as the Teacher Tenure Act, imposes three procedural requirements upon a board of education in order properly to decline to renew the contract

of a nontenured teacher: (1) the teacher must receive notification prior to March 1 that his contract will not be renewed for the coming school year, (2) the teacher must be furnished, upon request, with a written statement of reasons for the nonrenewal and (3) the teacher must be granted a prompt hearing before the board with counsel of his own choice." *Joanou* v. *Board of Education,* 165 Conn. 671, 673-74, 345 A.2d 46 (1974).

The procedural requirements for nonrenewal of the plaintiff's contract for the 1975-76 school year were satisfied. The plaintiff was notified in writing of nonrenewal before March 1 and she requested neither clarification nor a hearing. Although the plaintiff claims that the superintendent's nonrenewal letter was not shown to have been authorized by the board, the board's earlier action terminating the plaintiff's employment was sufficient authorization for the superintendent's letter. See *Mauriello* v. *Board of Education,* 176 Conn. 466, 472, 408 A.2d 247 (1979). Whether or not the board's action was legally efficacious to accomplish the intended result, the board was not precluded thereby from taking whatever measures it deemed necessary not to rehire the plaintiff for the ensuing years. See *Mt. Healthy City School District Board of Education* v. *Doyle,* 429 U.S. 274, 286, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1971).

Once the defendant lawfully exercised its right not to renew the plaintiff's contract the plaintiff, as a nontenured teacher, lost any right that she may have had to be reinstated. The plaintiff asserts that she had a right, upon the elimination of her position, to be transferred to any other position for which she may have been qualified. This we need not consider. If the court was justified in awarding

the plaintiff back pay for the 1974-75 school year then the plaintiff has been fully compensated and therefore the question of transfer is of no consequence.

The defendant's contention that the board's action in terminating the plaintiff's employment is not subject to judicial review is unsound. "A teacher who is given by statute the right to continued employment except upon a showing of cause or the bona fide elimination of his position; see General Stautes § 10-151 (b); acquires a property right that is entitled to protection under the due process clause." *Lee* v. *Board of Education,* 181 Conn. 69, 72, 434 A.2d 333 (1980). Under subsection (a) of § 10-151 a nontenured teacher who has not been given a nonrenewal notice before March 1 may have his contract of employment terminated at any time but only for the same reasons and subject to the same conditions, as set forth in subsection (b), which apply to tenured teachers. *Garovoy* v. *Board of Education,* 178 Conn. 618, 622, 424 A.2d 297 (1979). The contractual rights thus created are enforceable either in a simple action for breach of contract or by an action for a declaratory judgment and consequential relief. *Light* v. *Board of Education,* 170 Conn. 35, 41, 364 A.2d 229 (1975); *Milford Education Assn.* v. *Board of Education,* 167 Conn. 513, 520, 356 A.2d 109 (1975). Whether or not the plaintiff had any statutory recourse by appeal or otherwise for the wrongful termination of her employment she was not precluded from maintaining an appropriate action for breach of contract. *Cahill* v. *Board of Education,* 187 Conn. 94, 103, 444 A.2d 907 (1982).

Section 10-151(b) provides that before a board of education may terminate a teacher's contract of

employment for reasons therein set forth including "(5) elimination of the position to which the teacher was appointed, if no other position exists to which he may be appointed if qualified" it must give the affected teacher written notice that termination of his contract is "under consideration" and must also give him a hearing if he so requests. The defendant argues that the trial court was being hypertechnical in giving the phrase "under consideration" a tailismanic effect. The court was correct in concluding that the statutory language with regard to the procedure for terminating a teacher's contract of employment is unyielding. Although the defendant appears to regard the procedural sequence as a mere formality we do not so view it. Notice before termination and notice after termination are not two sides of the same coin. Once the board has committed itself by its action to a particular result it may be too late in the day to suggest a change of direction; at that stage the urge to proceed along its committed course is compelling. But before the die is cast it is still possible for persuasion to affect the result. In any event, the statutory language is clear and unambiguous. We cannot assume that it is meaningless or superfluous. *Hopkins* v. *Pac,* 180 Conn. 474, 476, 429 A.2d 952 (1980). We hold that a board of education may not terminate a teacher's contract of employment unless the board first notifies the teacher that such action is "under consideration."

There is no error.

In this opinion the other judges concurred.