[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (No. 109 MOTION TO STRIKE)
The Orange Board of Education, Dorothy Berger, June Hartford-Alley, John Kowal and Judith Lee ("Orange Defendants") move to strike plaintiff's ten-count revised complaint.
The plaintiff, Lori Shanbrom, filed a ten-count revised complaint on January 24, 1991 against the defendants, the Orange Board of Education ("Board"); Judith Hartford-Alley, Superintendent of Schools for the 1989-90 school year; Dorothy Berger, Superintendent of Schools for the 1987-89 school years; Judith Lee, plaintiff's principal for the 1989-90 school year; John Kowal, plaintiff's principal for the 1987-89 school years; and the Board of Education of the State of Connecticut (Count V only).
As alleged in the revised complaint, the plaintiff is a non-tenured teacher who was employed by the Board from September, 1987 through June 18, 1990. Prior to March 14, 1990, plaintiff's I, employment contract was automatically renewed each year. On March 12, 1990, the Board voted "not to renew" plaintiff's contract. Of the ten member board, eight were present. Three voted "not to renew;" three abstained; one member attended but did not vote; and one member declined to vote and left the meeting. Plaintiff received a written nonrenewal notice by way of a letter from defendant, Hartford-Alley, dated March 14, 1990, as provided in Conn. Gen. Stat. 10-151(c).
By notice dated March 28, 1990, plaintiff requested from the Board a statement of reasons for nonrenewal and a reconsideration hearing, pursuant to Conn. Gen. Stat. 10-151 (c). Defendant Board CT Page 6597 received the notice on March 29, 1990 and sent the plaintiff a "statement of the reasons" for nonrenewal. The hearing was held on April 30 and May 10, 1990, which plaintiff attended with counsel, also pursuant to Conn. Gen. Stat. 10-151 (c).
In reconsidering their original decision, the Board voted 5-5 on a motion "to offer Lori Shanbrom a teaching contract" for the 1990-91 school year. The tie failed to overturn the March 12 vote.
Plaintiff further alleges that during her three years of employment she was evaluated twice, once by defendant Lee and once by defendant Kowal. The evaluations were authorized by defendants Hartford-Alley and Berger, respectively.
The Board, Hartford-Alley, Berger, Lee and Kowal (the Orange Defendants) filed a motion to strike the plaintiff's revised complaint on February 21, 1991. The State Board of Education is not a party to this motion.
Plaintiff alleges in count I that the Board failed to properly exercise its right to nonrenew her contract pursuant to Conn. Gen. Stat. 10-151(c), in one or more of the following respects:
(a) The superintendent's nonrenewal letter was not sufficiently authorized by the defendant, Orange Board of Education, to constitute notice by April first that the plaintiff's contract of employment would not be renewed for the following year;
(b) the defendant, Orange Board of Education, failed to reconsider its original vote "not to renew" the plaintiff's teaching contract in light of all the information presented at the hearing;
(c) the vote of the defendant, Orange Board of Education, "to offer Lori Shanbrom a teaching contract for the school year 1990-91," was superfluous since her contract of employment would be continued for the 1990-1991 school year as a matter of law with or without such motion; that is, only by a vote by the defendant, Orange Board of Education, "not to renew" the plaintiff's contract of employment would have effectively prevented such contract from being renewed by operation of law;
(d) the defendant, Orange Board of Education, failed to reach or render a decision not to renew the plaintiff's contract, or any decision, within fifteen (15) days after the close of the hearing, or at any time thereafter, and failed to send a copy of its written decision to the plaintiff. CT Page 6598
Conn. Gen. Stat. 10-151 (c) provides:
 The contract of employment of a teacher who has not attained tenure may be terminated at any time for any of the reasons enumerated in subdivisions (1) to (6), inclusive, of subsection (d) of this section; otherwise the contract of such teacher shall be continued into the next school year unless such teacher receives written notice by April first in one school year that such contract will not be renewed for the following year. Upon the teacher's written request, such notice shall be supplemented within seven days after receipt of the request by a statement of the reason or reasons for such nonrenewal. Such teacher, upon written request filed with the board of education within twenty days after the receipt of notice of termination or renewal, shall be entitled to a hearing either before the board or, if indicated in such request and if designated by the board, before an impartial hearing panel established and conducted in accordance with the provisions of subsection (d) of this section, such hearing shall commence within fifteen days after receipt of such request unless the parties mutually agree to an extension. . . . The teacher shall have the right to appear with counsel of the teacher's choice at the hearing. . . .
Conn. Gen. Stat. 10-151 (c) (rev'd to 1991).
In Petrovich v. Board of Education, 189 Conn. 585, 587-88
(1983), the court stated that Conn. Gen. Stat. 10-151 (c):
 imposes three procedural requirements upon a board of education in order properly to decline to renew the contract of a nontenured teacher: (1) the teacher must receive notification prior to [April] 1 that his contract will not be renewed for the coming school year, (2) the teacher must be furnished, upon request, with a written statement of reasons for the nonrenewal and (3) the teacher must be granted a prompt hearing before the board with counsel of his own choice.
The plaintiff contends in her memorandum of law in opposition CT Page 6599 to the motion to strike that the nonrenewal letter must be shown to have been authorized by the Board to fulfill the procedural requirements of the statute. According to the plaintiff the vote of three Board members out of ten is not sufficient authorization to commence nonrenewal action against the plaintiff. Thus, the plaintiff argues that no notice of nonrenewal was sent before April 1 as required.
In count I, 5, the plaintiff alleges that a letter dated March 14, 1990 informed the plaintiff that the Board voted not to renew her contract. Other than the mere allegation that the "superintendent's nonrenewal letter was not sufficiently authorized" by the Board, plaintiff has not alleged sufficient facts indicating how the procedure followed by the defendant Board was improper. Because plaintiff alleges that she received notification prior to April 1 that her contract would not be renewed, the Board has complied with the procedural requirement or notice of nonrenewal set forth in Conn. Gen. Stat. 10-151 (c).
Furthermore, the plaintiff has alleged that the Board failed to render a decision within 15 days after the close of the hearing. The statute, however, mandates that after receipt of a request for a hearing, the hearing must commence within 15 days unless the parties mutually agree to an extension. The plaintiff alleges in count I that on March 28, 1990, the plaintiff requested a hearing, which request was received by the Board on March 29, 1990 and that the nonrenewal hearing was held on April 30, 1990 and May 10, 1990. In Shanbrom v. Orange Board of Education, 2 CTLR 304 (October 1, 1990, Hodgson, J.), the court heard evidence on the plaintiff's application for a temporary in junction. At that time, the parties stipulated that the Board gave the plaintiff a timely statement of reasons for nonrenewal and afforded her a hearing. The plaintiff does not further allege in the complaint that she did not agree to an extension nor that the hearing was untimely.
Considering all facts alleged in count one as true, plaintiff has not sufficiently alleged facts to support her legal conclusion that the Board failed to properly exercise its right to nonrenew, and therefore the motion to strike count I is granted.
In count II, plaintiff claims that the defendants were negligent in failing to properly evaluate her in accordance with Conn. Gen. Stat. 10-151b during her employment. Specifically, plaintiff alleges that Conn. Gen. Stat. 10-151b "mandates" that teachers be evaluated each year by the local school boards, in accordance with specific guidelines not followed in two of the years, but no evaluation took place in a third year. Plaintiff further claims that such failure denied her an opportunity to know and correct deficiencies in her work, which could cause her CT Page 6600 contract to not be renewed, thus depriving her of her "right" to continued employment.
The defendants assert in their motion that the allegations fail to show as a matter of law that the evaluation procedures used by the defendants were improper. In the defendants' memorandum and at short calendar, the defendants argued an additional point: that any inadequacy in the evaluation process employed by the defendants does not provide the plaintiff with any additional remedy. Moreover, defendants claim that Conn. Gen. Stat. 10-151b, regarding evaluations, is not to be read in conjunction with Conn. Gen. Stat. 10-151 (c), regarding nonrenewal, thus creating a "for cause" standard for nonrenewal. Further, defendants maintain that since no reason is required for nonrenewal, any deficiency in the evaluation procedure could not be a legal bar to nonrenewal of plaintiff's contract.
In Shanbrom v. Orange Board of Education, supra, the court denied plaintiff's application for a temporary injunction requesting reinstatement, on the ground that the renewal or, nonrenewal of a nontenured teacher is discretionary. Accordingly, the court found that the failure to implement the evaluation process correctly would not require renewal. Id.
Plaintiff has failed to set forth further allegations indicating that the law of the case should not be upheld.
 The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoke. See 18 Wright, Miller Cooper, Federal Practice and Procedure: Jurisdiction 4478. In essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. Messener v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152 (1912). Breen v. Phelps, 186 Conn. 86, 99, 439 A.2d 1066 (1982). We observed in Breen that the law of the case doctrine is not one of unbending rigor when we said: `A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision.' Santoro v. Kleinberger, 115 Conn. 631, 638, 163 A. 107 (1932). Id. 98; see also State v. Mariano, 152 Conn. 85, 91, 203 A.2d 305
(1964), crt. denied, 380 U.S. 943, 85 S.Ct. CT Page 6601 1025, 13 L.Ed.2d 962 (1965). In Breen, however, we held that `[a] judge should hesitate to change his own rulings in a case and should even be more reluctant to overrule those of another judge.' Breen v. Phelps, supra, 99.
Rosenblit v. Danaher, 206 Conn. 125, 132 (1988).
Contrary to plaintiff's position that the teacher evaluation process impacts upon the nonrenewal process, the criteria that board of education must follow in order to nonrenew a nontenured teacher are found solely in Conn. Gen. Stat. 10-151 (c). "Since the discretionary nonrenewal of a probationary teacher is not required to be for due cause, the described deficiencies in the evaluation program do not constitute a legal bar to nonrenewal of her employment." Shanbrom, supra. Thus, the defendants' motion to strike count II is granted.
Plaintiff claims in count III that she was denied a fair hearing by the Board, as is required by Conn. Gen. Stat. 10-151
(c), in that counsel to the Board also served as counsel to the administration and as hearing officer at the hearings. Plaintiff further alleges that:
 said counsel discussed the testimony of administration witnesses with them before the hearing; examined said witnesses and cross-examined plaintiff's witnesses; objected to certain questions propounded by plaintiff's counsel; decided with the chairman of the defendant board to schedule another hearing date after the plaintiff had completed her case, including the submission of her legal brief, instead of rendering a decision as requested by the plaintiff, in order for administration witnesses to testify, or again to testify, in light of plaintiff's previous testimonial and documentary evidence; further, administrative witnesses were permitted to be present over the objection of several defendant board members during the deliberations of the defendant board, although the plaintiff's witnesses were excluded.
Defendants argue that plaintiff was not deprived of a fair hearing because counsel acted properly. They further argue that while plaintiff complains about the counsel for the administration serving as a hearing officer, she never alleges any unfair participation in the decision of the Board. CT Page 6602
Conn. Gen. Stat. 10-151 (c) states that "[n]o right of appeal shall exist if . . . a teacher who has not attained tenure has received nonrenewal notice prior to April first of a school year . . . ." The court lacks jurisdiction to review employment actions not subject to a statutory right of appeal. Kolenberg v. Board of Education, 206 Conn. 113, 121, cert. denied, 487 U.S. 1236 (1983); Shanbrom, 2 CTLR at 306. In Neyland v., Board of Education,195 Conn. 174 (1985), the plaintiff, a nontenured teacher, alleged that the decision of the board was not sufficiently supported by the evidence under the UAPA and that the board did not it as an impartial tribunal in violation of the fourteenth amendment. Id. at 176 n. 3. The court found that the UAPA was inapplicable and that the trial court should have dismissed the appeal for want of jurisdiction. Id. at 175.
 We note in addition that the denial of a right of appeal to the plaintiff does not implicate any constitutional guarantees. "There is no inherent right to judicial review of administrative actions. This court has repeatedly held that appeals to the courts from administrative officers or boards may be taken only when a statute provides authority for judicial intervention. . . . The Supreme Court of the United States has recently confirmed these holdings, stating that `the Due Process Clause of the Fourteenth Amendment [does] not guarantee [teachers] that the decision to terminate their employment would be made or reviewed by a body other than the School Board.' Hortonville Joint School District No. 1 v. Hortonville Education Assn., 426 U.S. 482, 497, 96 S.Ct. 2308, 49 L.Ed.2d 1 (1976)." (Citations omitted.) Delagorges v. Board of Education, 176 Conn. 630, 633, 410 A.2d 461 (1979). . . .
Id. at 183
Since it appears this count is couched in terms of an appeal of an agency's decision, the court has no jurisdiction to entertain the appeal.
Even if the court finds that the plaintiff is asserting a procedural due process claim, her claim fails. In Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569,92 S.Ct. 2701, 2705 (1972), the court found that a professor who had no tenure rights to continued employment did not have a constitutional right to a statement of reasons and a hearing on the university's decision not to rehire him. To have a property interest in a benefit, a person must have a legitimate claim of CT Page 6603 entitlement to it. Id. at 577, 92 S.Ct. at 2709. The court suggested that a person would be entitled to due process if his good name, reputation, honor or integrity is at stake as that may impact on his opportunity for future employment. Id.
Property interests are not created by the Constitution, but rather they are created from an independent source such as state law. Id. Section 10-151 (c) of the Conn. Gen. Stats. provides that a nontenured teacher is entitled to a hearing upon request. The issue arises as to whether the provision of a hearing by the General Statutes creates some property interest or entitlement such that due process rights are invoked.
In Devlin v. Bennett, 26 Conn. Sup. 102, 104 (1965), the plaintiff sought a declaratory judgment determining whether and to what extent the form of hearing provided for in Conn. Gen. Stat.10-151 must accord with the minimum standards of due process. The court noted that "[t]he fundamental purpose of the hearing is to give a probationary teacher who has already been acquainted with the reasons why a board of education has decided not to renew his contract a full and fair opportunity to persuade and convince the board that it is mistaken in that decision." Devlin,26 Conn. Sup. at 111. The statute does not delineate the procedural requirements of the hearing, but rather the test is whether the plaintiff had a reasonable opportunity to hear and be heard and whether the proceedings were conducted in a fair and impartial manner. Id. at 118.
In count III, paragraph 10, the plaintiff alleges that she was denied a proper hearing "because counsel to the defendant board also served as hearing officer and counsel to the administration." "In Mauriello v. Board of Education, 176 Conn. 466,471 (1979), the Connecticut Supreme Court indicated that dual representation of the school administrators and the board trigger due process considerations only if the same attorney who presents the case for termination serves as advisory counsel to the board when it deliberates on the case." Shanbrom, supra at 307. Plaintiff has made no allegations that counsel representing the school administration participated in the board's deliberative process. Therefore, even if the statutory provision of a hearing implicates some due process rights, plaintiff has not alleged sufficient facts to support the claim that the procedures at the hearing were fundamentally unfair. Accordingly, the third count is ordered stricken.
In counts IV, IV.A, and IV.B, plaintiff claims that as a result of the defendants' negligent actions, plaintiff attained tenure on June 16, 1990, and thus had the "expectancy of re-employment" sufficient to constitute a protectible property interest. Plaintiff further claims that she was denied procedural CT Page 6604 and substantive due process, in violation of thefourteenth amendment of the U.S. Constitution and Article I, 8 of the State of Connecticut Constitution.
"The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits." Roth, supra at 576,92 S.Ct. at 2708. To have a property interest in a benefit, a person must have more than a unilateral expectation of the benefit. Id. at 577, 92 S.Ct. at 2709. Instead, the person must have a legitimate claim of entitlement to the benefit. Id. "The legal expectancy of future employment is based on contractual or statutory entitlement, not on a teacher's mere expectation of the future staffing plans of the board of education." Shanbrom, supra at 306. The plaintiff, by law, was a nontenured, probationary employee as of March 12, 1990, and had no legal expectation of continued employment. Id.
Plaintiff has failed to allege sufficient facts to establish that she has a legitimate claim of entitlement to future employment. Furthermore, plaintiff has failed to allege sufficient facts to support the claim that the procedure during the hearing was unfair. Thus, plaintiff has failed to sufficiently allege substantive and procedural due process violations and therefore, counts IV, IV.A, and IV.B are ordered stricken.
Plaintiff "seeks a declaratory judgment" in count V of her complaint "as to the validity and the applicability of the provisions. . ." of Conn. Gen. Stat. 10-151 (c) and 10-151b to her case. She specifically alleges that these provisions threaten to interfere or impair her "legal rights or privileges", and ultimately prays for renewal of her contract into 1991. The defendants claim that the relief requested in count V is identical to that in counts I, II, III and IX, and since plaintiff "fails to allege a cause of action under any of those counts," the action fails to state a valid claim for relief, and should be stricken.
In order for a court to entertain an action for declaratory judgment, the party making the request must meet all of the requirements of Conn. Practice Book 390. See Horton v. Meskill,172 Conn. 615, 627 (1977). Section 390 provides as follows:
 The court will not render declaratory judgments upon the complaint of any person:
 (a) unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations; or CT Page 6605
 (b) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; or
 (c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure; or
 (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof.
Plaintiff does not fit into subsection (a), since Conn. Gen. Stat. 10-151 (c) states what plaintiff's rights are. See Petrovich, supra at 587. By exercising those rights, plaintiff has exhausted all avenues available to her. "No right of appeal shall exist if . . . a teacher who has not attained tenure has received nonrenewal notice prior to April first of a school year. . . ." Conn. Gen. Stat. 10-151 (c).
Further, it is noted Practice Book 390 provides: "the parties should be left to seek redress by some other form of procedure. . ."; Conn. Practice Book 390(c); and in this case, where the "request" for declaratory judgment repeats the allegations of counts I, II, III and IX, plaintiff is already seeking relief elsewhere.
Plaintiff claims in count VI that the defendant Board, as a result of its negligence in not renewing her contract, exposed her to an unreasonable risk of causing plaintiff emotional distress, and that she did in fact suffer severe emotional distress. Defendant Board asserts that such a claim is barred by the Worker's Compensation Act, 31-284(a), which provides that "[a]n employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of employment."
The Connecticut Worker's Compensation Act is the exclusive remedy against the employer for all negligently inflicted injuries that arise in the course of the employment relationship. Perille v. Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 534 (1985). Termination has been held to be in the course of the employment relationship. Deak v. O'Neill Chevrolet Buick, Inc., 2 CSCR 432
(1987). But see Mosley v. Housing Authority, 4 CSCR 3 (1988) (where the court held that termination of the employer-employee relationship brings the plaintiff and defendant out of the course of employment). CT Page 6606
Since plaintiff admits that she was officially informed in March of 1990 that her contract would not be renewed for 1990-91, and she was not officially terminated until June, 1990, the alleged injuries occurred in the course of employment and the action is barred by the Worker's Compensation Act. Therefore, the defendants' motion to strike count VI is granted.
Plaintiff alleges in count VII that the defendants indirectly supplied false information to the plaintiff by failing to apprise her of her deficiencies: that such failure caused plaintiff to rely on the lack of information regarding deficiencies, and to believe that she was doing well and was in no danger of losing her job. Plaintiff further alleges that defendants' actions, or lack thereof, amount to educational negligence. The defendants argue that there is no recognized cause of action for educational negligence in Connecticut, and instead address the allegation as a claim for negligent misrepresentation. Defendants argue that plaintiff fails to allege any instance where any of the defendants made affirmative or unconditional representations that her contract would be renewed for 1990-91. Defendants further argue that plaintiff attempts to find negligent misrepresentation from defendants' failure to give her notice of deficiencies in her work, without any support from pertinent statutes or public policy.
 The governing principles [for an action of negligent misrepresentation to lie] are set forth . . . in 552 of the Restatement Second of Torts (1979); `One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.' (Citations omitted)
D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 217-18 (1987). "Even an innocent misrepresentation of fact `may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth.'" Id. at 217 (citations omitted). For purposes of a cause of action for negligent misrepresentation, plaintiff need only allege that the representations contained false information. Id. at 218.
Plaintiff alleges no facts which demonstrate that she was supplied with false information, and that by equating "lack of information" with supplying false information, plaintiff's allegations fall short of what is necessary to plead negligent CT Page 6607 misrepresentation. Additionally, plaintiff could not justifiably rely on any information that may have been given her, since Conn. Gen. Stat. 10-151 (c) provides the sole procedure for renewal. Therefore, defendants' motion to strike count VII is granted.
In count VIII, the plaintiff claims that "the defendants should have reasonably expected to induce action or forbearance" on the part of the plaintiff; and that she relied on "written and/or verbal assurances of job security and recommendations for continued employment made by [defendants Berger, Kowal, Hartford-Alley and Lee)," as well as the custom in the school district not to renew unsuitable nontenured teachers after two years of employment. The defendants argue, by addressing this claim as one of promissory estoppel, that plaintiff makes no specific allegations that she was promised a new contract. Defendants also argue that any reliance by the plaintiff is misplaced in view of her status as a nontenured teacher and Conn. Gen. Stat. 10-151 (c).
"[A]llegations of `assurances' . . . do not rise to the level of commitment to the plaintiff . . . [such assurances] stop short of making the plaintiff a definite promise of employment on which she could reasonably have relied." Neuharth v. Connecticut Institute for the Blind, 3 CTLR 462 (April 1, 1991, Dunn, J.) (assurances by defendant did not rise to the level of a promise on which defendant should have expected plaintiff to reply); see also D'Ulisse-Cupo, supra at 215 (defendants' representations of a future contract stopped short of making the plaintiff a definite promise of employment on which she could have reasonably relied).
Plaintiff has alleged no facts to support her claim of forbearance or reliance. Accordingly, the defendants' motion to strike count VIII is granted.
Plaintiff alleges in count IX that the reasons for nonrenewal are insufficient in that they are not the product of a proper evaluation; that by improperly evaluating the plaintiff, the defendants have failed to meet the state's educational interest, and thus the nonrenewal is a violation of public policy. The defendants address this count as one of wrongful discharge which, the defendants assert, the plaintiff is ineligible to claim as an employee who was employed by the defendants pursuant to a term contract of fixed duration.
The tort of wrongful discharge is available as a cause of action to a plaintiff who is an at-will employee, and whose termination violates a clear public policy. D'Ulisse, supra at 211 n. 1; see also Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471,474 (1980). An at-will employee is one whose employment is for an indefinite period of time, and is terminable by either party for any reason or no reason. Coelho v. Posi-Seal CT Page 6608 International, Inc., 208 Conn. 106, 117 (1988).
Plaintiff is not an employee at-will, since her contract is for a specific term of one school year, renewable from year to year until tenure is attained. Plaintiff was not "terminated" — she was "not renewed." Even had she been terminated, it could only have been for one of the enumerated reasons in Conn. Gen. Stat. 10-151 (d). Therefore, plaintiff may not assert a wrongful discharge claim, and the defendants' motion to strike count IX is granted.
In count X, plaintiff alleges a breach of contract, in that the terms of the contract are governed by several factors, including custom, usage, and state statutes pertaining to education; therefore, the defendants had a contractual obligation to evaluate the plaintiff in accordance with Conn. Gen. Stat. 10-151b
which it failed to do. The defendants argue that the plaintiff's complaint fails as a matter of law to state a claim for breach of contract. Defendants assert that the plaintiff "merely states legal conclusions as to the principles that purportedly govern the alleged contract."
Acts and contracts may be stated according to their legal effect, but in so doing the pleadings should be such as fairly to apprise the adverse party of the state of facts which it is intended to prove. Conn. Practice Book 109. "The adverse party has the right to have the facts appear so that the question whether they support the conclusion may be determined and that he may have an opportunity to deny them." Smith v. Furness,117 Conn. 97, 99 (1933).
Plaintiff has not alleged facts such as specific terms and conditions breached, that would support the legal conclusion of breach of contract. Therefore, defendants' motion to strike count X is granted.
Accordingly, counts I through X, as pertain to the "Orange Defendants", are ordered stricken.
STUART M. SCHIMELMAN, Judge