[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal brought by plaintiff Howard Meehan pursuant to General Statutes 10-151 (f) from a decision of defendant East Lyme Board of Education ("Board") to terminate the plaintiff's position as a tenured teacher. The plaintiff was terminated pursuant to proceedings under General statutes10-151(d).
The plaintiff alleges the following facts. The plaintiff was a tenured teacher in the Town of East Lyme school system. On June 17, 1992, the plaintiff was notified by the superintendent of schools, Harold G. Rowe ("Superintendent") that the Board would consider the termination of the plaintiff's contract at its next regularly scheduled meeting. On June 22, 1992, the plaintiff appeared at such meeting with his attorney. The Board voted to consider the termination of the plaintiff's employment contract and written notice thereof was sent by the Superintendent to the plaintiff.
On June 25, 1992, the plaintiff's counsel timely requested a hearing and written statement from the Board pursuant to 10-151 (d). By letter, dated June 30, 1992, the Superintendent sent to the plaintiff a statement of twenty-four reasons underlying the Board's vote to consider the termination of the plaintiff's employment contract. The Board held evidentiary hearings on the charges against the plaintiff on nineteen dates from July 14, 1992, through October 7, 1992. The Board then voted to terminate the plaintiff's contract of employment. The Board's written findings were signed by the chairman of the Board on October 29, 1992.
The plaintiff argues that the written statement sent by the Superintendent to the plaintiff was deficient because it was signed by the Superintendent instead of the Board. The plaintiff further argues that the written statement was too CT Page 2413 broad and, therefore, violative of due process notice requirements under federal and state law.
In Kolenberg v. Board of Education, 206 Conn. 113, 118-120
(1988), cert. denied, 487 U.S. 1236, 108 S.Ct. 2903,101 L.Ed.2d 935 (1988), the Connecticut Supreme Court stated:
 General Statutes 10-151, the Teacher Tenure Act, provides for continuing employment of tenured teachers, except that a teacher may be terminated for inefficiency or incompetence, insubordination, moral misconduct, medical disability, elimination of the teaching position or loss of the position to another teacher, or other due and sufficient cause. General Statutes 10-151 (d)(1) through (6).
Section 10-151 sets forth procedures for notice to the teacher and hearing before an impartial panel on a failure to renew or termination of a contract, as well as the right to appeal the decision to the superior court. Subsection (f) of General Statutes 10-151, which provides the right of appeal, states in pertinent part:
 Any teacher aggrieved by the decision of a board of education after a hearing as provided in subsection (d) of this section may appeal therefrom, within thirty days of such decision, to the superior court."
In reviewing the action of a board of education pursuant to10-151 (f), the court determines whether the board acted illegally, but does not substitute its judgment for that of the board. Rado v. Board of Education, 216 Conn. 541, 555
(1990).
When the board terminates a teacher's contract it is an administrative agency acting in a quasi-judicial capacity. Miller v. Board of Education, 166 Conn. 189, 191 (1974). The board has the duty to give the tenured teacher a fair hearing. Catino v. Board of Education, 174 Conn. 414, 417 (1978).
The plaintiff argues that the letter he received from the Superintendent in response to the plaintiff's request for reasons why the board voted to consider the termination of his contract is defective because it was signed by the CT Page 2414 Superintendent and not the Board itself. The defendant argues that the Superintendent, acting on behalf of the Board, had the authority to send the letter and, thus, complied with10-151 (d).
The superintendent of schools is the chief executive officer of the board of education. General Statutes 10-157. As such, the Superintendent's actions constitute the actions of the board of education unless the superintendent acts outside the scope of his authority. See Petrovich v. Board of Education, 189 Conn. 585, 588 (1983). The notice function may be delegated by a local board to its superintendent. Joanou v. Board of Education, 165 Conn. 671, 673 (1974) (notices from the superintendent are sufficient concerning the nonrenewal of a teacher's contract and setting forth reasons why the teacher had not been renewed).
The court, therefore, finds that the Superintendent appropriately sent notice to the plaintiff in accordance with10-151(d)
The plaintiff further argues that the Superintendent's letter does not satisfy due process requirements. He argues that the letter does not focus the issues nor state any detail and, therefore, does not provide him with reasonable notice of the charges against him. The defendant argues that the Superintendent's letter complies with the notice requirements of 10-151 (d).
The plaintiff, as a tenured teacher, had a property right to continued employment which was entitled to protection under the due process clauses of the federal and state constitutions. Lee v. Board of Education, 181 Conn. 69, 72
(1980). Because the charges against the plaintiff reflect upon his "professional competence and character," the charges also implicate a liberty interest entitled to protection under the due process clause. Id., 74. "The test of the action of the board is whether the plaintiff had a reasonable opportunity to hear and to be heard upon the charges preferred against him and whether the proceedings were conducted in a fair and impartial manner." Conley v. Board of Education,143 Conn. 488, 493-94 (1956).
The Superintendent's letter charged the plaintiff with CT Page 2415
1. Inefficiency and incompetence;
 2. Insubordination against the reasonable rules of the Board of Education;
3. Other due and sufficient cause.
These three reasons given for the plaintiff's termination are included in the language of 10-151 (d).
The letter also provided the plaintiff with a list of twenty-four reasons to further justify the Board's decision. The plaintiff's misconduct was divided into eight categories. Examples included using foul and obscene language with sexual overtones, using language, gestures and actions that were humiliating, demeaning and intimidating and placing his hands on and using force on students. For specific dates, names, and events, the letter referred to the plaintiff's personnel file which, the letter stated, "is replete with instances which fall within the issues described above."
In Lee, the charges against the plaintiff teacher contained no specific name and only one date. Lee v. Board of Education, supra, 70 n. 1. Nevertheless, the court held that the plaintiff had been afforded adequate notice of the charges made. The court also noted at page 7, footnote 7, that:
 [T]eachers in this state have access to "supervisory records and reports of competence, personal character and efficiency" that are maintained in personnel flies relating to their employment by the local or regional boards of education. General Statutes 10-151a.
In the present case, the plaintiff was provided with a copy of his entire personnel file by July 1, 1992, within seven days of the plaintiff's request for reasons. Additionally, hearings were held over twenty-one days, thereby affording the plaintiff ample opportunity to prepare his case. An examination of the transcripts of the proceedings demonstrates that the plaintiff had a full and fair opportunity to determine what evidence the Board had against him and to present evidence in his own behalf.
The court finds, therefore, that the actions of the Board CT Page 2416 met the requirements of due process under federal and state law.
For the reasons stated above, the court finds that the Board did not act illegally in its decision to terminate the plaintiff's contract of employment. Accordingly the plaintiff's appeal is dismissed.
Hendel, J.