THEODORE LaCROIX *v.* BOARD OF EDUCATION OF
THE CITY OF BRIDGEPORT
(2263)

TESTO, HULL and BORDEN, Js.

Argued December 8, 1983—decision released May 29, 1984

*John M. Creane,* with whom was *Robert J. Malone,* for the appellant (plaintiff).

*Paul E. Knag,* with whom was *Charles J. Heinzer,* for the appellee (defendant).

BORDEN, J. The plaintiff, a tenured teacher, sued the defendant board of education for wrongful termination of his employment, claiming damages for the school years 1972 through 1980 and reinstatement to his teaching position. He appeals[1] from the judgment of the trial court awarding him damages for the 1972-73 school year only and concluding that he was not entitled to reinstatement.

The plaintiff was hired in 1966 by the defendant. The assistant superintendent of schools notified him by a letter dated June 21, 1972, that his contract was terminated as of June 23, 1972. On July 10, 1972, he requested in writing a hearing regarding his termination. The board met on October 16, 1972, and approved the termination of his contract. By letter dated October 18, 1972, the board notified the plaintiff that a hearing regarding his termination would be held on October 26, 1972. The plaintiff did not attend that hearing. By a letter dated October 31, 1972, the board notified him that on October 30, 1972, it had considered his termination and that it was willing to furnish him with reasons for his termination or with a hearing. The plaintiff did not respond to that letter.

In May, 1974, the plaintiff filed this suit alleging that the defendant had not suspended him or terminated his contract, had not afforded him a termination or suspension hearing, had refused to assign him his duties as a teacher, and had failed to pay him for the 1972-73 and 1973-74 school years. The complaint asked, inter alia, for damages and for assignment or reinstatement as a teacher. By the time the case came to trial, the complaint had been amended to include all the school years from 1972 through 1980. The defendant filed

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

several special defenses, only two of which are relevant to this appeal: failure to exhaust administrative remedies; and laches.

The trial court held that the defendant's failure to provide the hearing requested in the plaintiff's letter of July 10, 1972, resulted in a renewal, by operation of law, of his contract for the 1972-73 school year, and awarded him damages calculated on the basis of that one year. The court also held that the plaintiff was not entitled to damages for future years, or to reinstatement, because the defendant's letter of October 31, 1972 followed by the plaintiff's inaction resulted in a proper termination.

The plaintiff appealed, claiming that his employment has never been properly terminated and that he is, therefore, entitled to reinstatement with full back pay. The defendant did not file a cross appeal, but it did file a preliminary statement of issues, under Practice Book § 3012, raising in effect two grounds, either of which would, if valid, completely bar any recovery by the plaintiff. Since the plaintiff had already filed an appeal, and since the defendant, by raising those issues, seeks to have the judgment in favor of the plaintiff set aside, it should have filed a cross appeal under Practice Book § 3003. While its failure to do so could technically justify a refusal to consider its claims on appeal, we do consider them because they were raised in the defendant's statement under Practice Book § 3012, were briefed by both parties and appear to be necessary to a proper determination of the appeal.

I

The defendant first claims that the plaintiff's action is barred by his failure to exhaust his administrative

remedies provided by General Statutes § 10-151 (b),[2] which is part of the Teacher Tenure Act (the act), and that this action cannot substitute for the administrative appeal provided by General Statutes § 10-151 (f). This claim is without merit. Although the plaintiff's complaint is less than a model of clarity, the trial court read it, as do we, as an action for breach of his contract of employment. Thus, his statutory appeal rights for wrongful termination did not preclude an action for breach of contract. *Petrovich* v. *Board of Education,* 189 Conn. 585, 589, 457 A.2d 315 (1983); *Cahill* v. *Board of Education,* 187 Conn. 94, 103, 444 A.2d 907 (1982).

The defendant next argues that the court erred by rejecting its special defense of laches. The trial court found that there was no prejudice to the defendant resulting from the plaintiff's eighteen month delay in bringing suit. This finding, which is not clearly erroneous, is fatal to the defendant's argument. *Papcun* v. *Papcun,* 181 Conn. 618, 621, 436 A.2d 282 (1980).

## II

We now turn to the claims raised by the plaintiff in his appeal. The gist of the plaintiff's principal argument is that the defendant never validly terminated his con-

[2] General Statutes (Rev. to 1972) § 10-151 (b), which has since been amended in particulars not pertinent here, then provided in relevant part as follows: "[T]he contract of employment of a [tenured] teacher shall be renewed from year to year, except that it may be terminated at any time for one or more of the following [six] reasons . . . provided, prior to terminating a contract, a board of education shall give the teacher concerned a written notice that termination of his contract is under consideration and, upon written request filed by such teacher with such board within five days after receipt of such notice, shall within the next succeeding five days give such teacher a statement in writing of its reasons therefor. Within twenty days after receipt from a board of education of written notice that contract termination is under consideration, the teacher concerned may file with such board a written request for a hearing, which such board shall hold within fifteen days after receipt of such request. . . ."

tract of employment, because it did not follow the act,[3] and that, therefore, he is entitled to reinstatement with back pay. In essence he claims that the trial court was correct in ruling that his employment was not validly terminated for the 1972-73 school year, but that the court was in error in ruling that the defendant complied with the act as to subsequent years. The defendant argues that it substantially complied with the act and that, therefore, the court erred in awarding the plaintiff damages even for the 1972-73 school year.

General Statutes (Rev. to 1972) § 10-151 (b), in effect in 1972, imposed three procedural requirements on a board of education in order properly to terminate a tenured teacher's employment: (1) prior to termination, the board must give the teacher a written notice that termination of his contract is under consideration; (2) within five days of receipt of a request from the teacher, filed with the board within five days of the receipt by the teacher of the board's written notice, the board must give the teacher a written statement of its reasons; and (3) within fifteen days of a request from the teacher for a hearing, filed within twenty days of the board's first notice, the board must hold a hearing. It is clear that this statutory language and the procedural sequence it establishes are unyielding, clear, unambiguous and must be strictly followed. *Petrovich* v. *Board of Education,* supra, 590. Substantial compliance is insufficient. Thus, the court's conclusion that the termination was invalid for the 1972-73 school year was correct, and the plaintiff's contract for that year was automatically renewed as a matter of law.

It is equally clear, moreover, that the defendant's actions were insufficient to terminate the plaintiff's employment for any subsequent years. The trial court

---

[3] The plaintiff also claims a violation of his due process rights. Our conclusion on his statutory argument renders it unnecessary for us to pass on his constitutional claim.

held that the defendant's letter of October 31, 1972, complied with the procedural requirements of General Statutes § 10-151 (b). This was error.

The key and triggering procedural requirement of General Statutes § 10-151 (b) is that, *prior* to termination, the board must give the teacher written notice that termination of his contract *is under consideration.* By October 31, 1972, the defendant had already, twice, terminated the plaintiff's employment: once by letter of June 21, 1972, notifying him of termination as of June 23, 1972, and again on October 16, 1972, when the defendant, while the plaintiff's request for a hearing was pending before it, approved of the termination. The letter of October 31, 1972, informed the plaintiff that his termination, which had already taken place, had been taken under consideration; it did not inform him that his termination was under consideration for any future years. Cf. *Petrovich* v. *Board of Education,* supra, 588. These facts bring this case squarely within the principle that "[n]otice before termination and notice after termination are not two sides of the same coin. Once the board has committed itself by its action to a particular result it may be too late in the day to suggest a change of direction; at that stage the urge to proceed along its committed course is compelling. But before the die is cast it is still possible for persuasion to affect the result. In any event, the statutory language is clear and unambiguous. We can not assume that it is meaningless or superfluous. *Hopkins* v. *Pac,* 180 Conn. 474, 476, 429 A.2d 952 (1980). We hold that a board of education may not terminate a teacher's contract of employment unless the board first notifies the teacher that such action is 'under consideration.' " *Petrovich* v. *Board of Education,* supra, 590.

The fact that the plaintiff declined to attend the post-termination hearing which the defendant scheduled for October 26, 1982, did not serve to cure the clear viola-

tion of General Statutes § 10-151 (b) already committed by the defendant. Nor did it operate to waive the plaintiff's pretermination rights which would have flowed from a proper notice under that statutory section.

In his brief the plaintiff urges us, in the event of a new trial, to give guidance to the trial court on the issue of damages. He claims that the court, in computing the damages for 1972-73, improperly credited his summer earnings. It does not appear from the court's memorandum of decision that it did so; the plaintiff did not request the court to articulate further in this regard; and he did not include this claim of error in his preliminary statement of issues on appeal. Under these circumstances we decline the plaintiff's invitation.[4]

There is error in part, the judgment is set aside insofar as it did not order the plaintiff reinstated and insofar as it did not order damages to the plaintiff for the school years subsequent to 1972-73, and the case is remanded with direction to render judgment ordering the defendant to reinstate the plaintiff and for such damages as he shall prove at a new trial limited to the issue of damages.

In this opinion the other judges concurred.

---

[4] We note, however, that the pleadings thus far in the case only cover the plaintiff's claims through 1980. Since we hold that his employment was not legally terminated and that he is entitled to reinstatement, on remand he should be permitted to amend his complaint further to cover the school years subsequent to 1980.