ALEXANDER MCKEE *v.* BOARD OF EDUCATION OF THE TOWN OF WATERTOWN ET AL.
(11381)

DUPONT, C. J., LAVERY and HEIMAN, Js.

Argued April 30—decision released July 13, 1993

*Daniel P. Scapellati,* with whom, was *John W. Lemega,* for the appellants (defendants).

*Brian A. Doyle,* for the appellee (plaintiff).

HEIMAN, J. The defendants[1] appeal from a judgment of the trial court reversing a decision of the Watertown board of education (board) terminating the plaintiff's employment. On appeal, the defendant claims that the trial court impermissibly substituted its judgment for that of the board. We affirm the judgment of the trial court.

The following facts are undisputed. The plaintiff was a tenured teacher employed as a guidance counselor by the Watertown board of education.[2] The plaintiff holds a standard certification issued by the state of Connecticut certifying him as a school guidance counselor for children in kindergarten through grade twelve. This certification also permits him to work with special education students.

On July 17, 1989, the board considered termination of his services, pursuant to General Statutes § 10-151 (d) (5),[3] due to a reduction in teaching posi-

---

[1] Other defendants named in the complaint are James Mullen, chairman of the Watertown board of education, and Margaret Poulin, secretary of the Watertown board of education.

[2] The plaintiff was employed under the terms of the collective bargaining agreement between the board and the Watertown Education Association. The Watertown Education Association is the certified bargaining agent for the teachers employed by the board.

[3] General Statutes § 10-151 (d) provides in pertinent part: "The contract of employment of a teacher who has attained tenure shall be continued from school year to school year, except that it may be terminated at any time for . . . (5) elimination of the position to which the teacher was appointed or loss of a position to another teacher, if no other position exists to which such teacher may be appointed if qualified, provided such teacher, if qualified, shall be appointed to a position held by a teacher who has not attained tenure, and provided further that determination of the individual contract or contracts of employment to be terminated shall be made in accordance with . . . a provision for a layoff procedure agreed upon by the board of education and the exclusive employees' representative organization. . . ."

tions. The termination of the plaintiff's employment is also governed by article XXI of the collective bargaining agreement. Article XXI provides in pertinent part:

"2. Termination of Tenured Teachers

"Subject to the provisions herein set forth, no tenured teacher shall be terminated as the result of the elimination of his or her position unless, at the time of the contemplated termination, there is no other position in the Watertown School System for which the teacher is certified which is occupied by a teacher with a shorter period of service."

Further, the general provisions of the bargaining agreement provide that "[t]his agreement contains the full and complete agreement between the Board and the Association on all negotiable issues . . . ."

The plaintiff sought to "bump"[4] a teacher with a shorter period of service from a position described as "High School Special Education Counselor." The job description for this position, issued by the board of education, requires certification in school counseling and special education. The state requires certification only in school counseling to fill the position. The plaintiff lacks certification in special education.

The plaintiff requested a hearing before an impartial panel, pursuant to General Statutes § 10-151 (d),[5]

---

[4] The term bump refers to the process where a teacher with a longer period of service is appointed to a position occupied by a teacher with a shorter period of service. The teacher with the shorter period of service is thus bumped by the more senior person.

[5] General Statutes § 10-151 (d) provides in pertinent part: "Within twenty days after receipt of written notice by the board of education that contract termination is under consideration, such teacher may file with such board a written request for a hearing. . . . Within ninety days after receipt of the request for a hearing, the impartial hearing panel . . . shall submit written findings and a recommendation to the board of education as to the disposition of the charges against the teacher, and shall send a copy of such

concerning his termination. The impartial panel recommended, in a two-to-one decision, that the plaintiff's contract be terminated. The panel stated that "it is found that there is a strong argument for retention of Mr. McKee based on the State's requirement of only the certification as a School Counselor . . . to be a Guidance Counselor. However, a preponderance of the evidence received . . . dictates that it was the clear intent of the parties to the contract to require that a teacher have the same proper certifications to fill a position when bumping as when the position is originally filled. In the instant matter, it is established that it is necessary to hold certifications in Special Education and as a School Counselor to hold the position at issue of Special Education Counselor at the high school. Alexander McKee does not hold Special Education certification."

On November 1, 1989, the board accepted the findings and recommendation of the panel and terminated the plaintiff's employment effective November 2, 1989. On November 28, 1989, the plaintiff appealed the actions of the board to the Superior Court, pursuant to General Statutes § 10-151 (f).[6] On April 15, 1992, the trial court reversed the decision of the board finding that the board acted illegally. The basis for the reversal was "that the impartial hearing panel improperly departed from the plain language of the collective bargaining agreement to search improperly for the contracting parties' intent when the language of the bargaining contract is clear and unambiguous. In

findings and recommendation to the teacher. The board of education shall give the teacher concerned its written decision within fifteen days of receipt of the written recommendation of the impartial hearing panel . . . ."

[6] General Statutes § 10-151 (f) provides in pertinent part: "Any teacher aggrieved by the decision of a board of education after a hearing as provided in subsection (d) of this section may appeal therefrom . . . to the superior court. . . . The court, upon such appeal and after a hearing thereon, may affirm or reverse the decision appealed from. . . ."

adding the job description to the collective bargaining agreement, the panel was legally wrong and the board's reliance thereon was legally wrong." This appeal followed.

"Our function in reviewing the action of the board pursuant to § 10-151 (f) is to determine whether the board has acted illegally and not to substitute our judgment for that of the board." *Rado* v. *Board of Education,* 216 Conn. 541, 555, 583 A.2d 102 (1990).[7]

The determination of the legality of the board's decision is controlled by statute. General Statutes § 10-151 (d) (5) provides a discharge procedure for tenured teachers when the position held by the teacher is eliminated. *Theriault* v. *Board of Education,* 31 Conn. App. 690, 694, 626 A.2d 781 (1993). The statute is facially clear and unambiguous. Id. Where "a statute is clear and unambiguous, there is no room for statutory construction." *State* v. *Cain,* 223 Conn. 731, 744, 613 A.2d 804 (1992). The statute is to be applied according to its plain language. *Theriault* v. *Board of Education,* supra. The statute provides that if the present position of a teacher is eliminated, "such teacher, if qualified, shall be appointed to a position held by a teacher who has not attained tenure, and provided further that determination of the individual contract . . . of employment to be terminated shall be made in accordance with either (A) a provision for layoff procedure [in the collective bargaining agreement] or (B) in the absence of such agreement, a written policy of the board of education

---

[7] "[W]hile we have frequently added the words 'arbitrarily or in abuse of discretion,' this manner of expression merely points to certain aspects in which the illegality may subsist because the conduct of the board would be in violation of the powers granted to and duties imposed upon it." (Internal quotation marks omitted.) *Tucker* v. *Board of Education,* 177 Conn. 572, 583, 418 A.2d 933 (1979) (*Cotter, C. J.,* dissenting) (cited with approval in *Rado* v. *Board of Education,* 216 Conn. 541, 555, 583 A.2d 102 [1990]).

. . . ." General Statutes § 10-151 (d) (5). Thus, the statute requires that the board satisfy a two part test for a lawful termination of a tenured teacher upon elimination of a position. First, the position must be eliminated. Second, the teacher must not be qualified to be appointed to any position held by a teacher with less service as provided for in the collective bargaining agreement or, in the absence of a collecting bargaining agreement, as provided for in a written policy of the board.[8]

The first part of the test is satisfied. The position of the plaintiff was eliminated. The board has failed, however, to satisfy the second part of the test.

The language of the collective bargaining agreement controls the process for determining the individual to be terminated pursuant to General Statutes § 10-151 (d) (5) (A). Id. This procedure allows the plaintiff to be appointed to a position held by a teacher with a shorter period of service.

The collective bargaining agreement provides that "no tenured teacher shall be terminated as the result of the elimination of his or her position unless, at the time of the contemplated termination, there is no other

---

[8] The board contends that to be qualified to bump, as provided in General Statutes § 10-151 (d) (5), the plaintiff needs dual certification. The board's reasoning for this contention is that the job description for high school special education counselor, requiring standard certification and certification in special education, has increased the qualifications necessary for the position pursuant to General Statutes § 10-145. The board claims that the job description prescribed additional qualifications to those prescribed by the state and controls the determination of the plaintiff's ability to bump. This construction violates the plain language of General Statutes § 10-151 (d) (5) which requires that the qualifications be enumerated in the collective bargaining agreement. The job description, as extrinsic evidence, is not incorporated into the agreement because the agreement is unambiguous. *Kronholm* v. *Kronholm*, 16 Conn. App. 124, 130, 547 A.2d 61 (1988). Therefore, the job description does not affect the determination of this case.

position in the Watertown School System for which the teacher is *certified* which is occupied by a teacher with a shorter period of service." (Emphasis added.) This provision is clear and unambiguous. As such, "the contract is to be given effect according to its terms. . . . [N]o room exists for construction." (Citation omitted.) *Greenburg* v. *Greenburg,* 26 Conn. App. 591, 596, 602 A.2d 1056 (1992). "The parties' intent is ascertained by a 'fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract.' " *Harvey* v. *Daddona,* 29 Conn. App. 369, 375, 615 A.2d 177 (1992). Thus, the collective bargaining agreement provides for a tenured teacher to bump a teacher with less service where the tenured teacher is certified for the position. The collective bargaining agreement does not contain specific language sufficient to warn parties to the agreement that any rule other than those set forth in General Statutes § 10-151 (d) applies with respect to bumping. In the absence of such a provision in the collective bargaining agreement, the certification required for high school special education counselor is the standard certification only. The plaintiff is certified for the position. He properly should have been appointed to this position to replace a less senior teacher as provided in the collective bargaining agreement. The failure by the board to follow this procedure is a violation of the statute and constitutes an illegal act by the board that cannot stand.

The judgment is affirmed.

In this opinion the other judges concurred.