[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on Motion for Summary Judgment
In the instant case, the plaintiff and defendant have filed cross motions for summary judgment pursuant to Practice Book § 378, et seq.
The parties are in agreement that there are no facts in dispute in the case. CT Page 6241
The plaintiff, Barbara Kelsey, was a passenger in a two-car accident which occurred on September 11, 1992. Ms. Kelsey eventually received a judgment in her favor in the amount of $750,000 as a result of that accident. The parties further agree that Ms. Kelsey received $28,000 from the liability carrier for the tortfeasor and $142,106.60 in Workers' Compensation benefits. Finally, the parties agree that Ms. Kelsey has underinsured motorist coverage from the defendant Peerless in the face amount of $300,000.
The disagreement in the matter is whether the deduction of $170,106.60 is from the $300,000 of uninsured motorist coverage or from the $750,000 which was the amount of Ms. Kelsey's verdict in her personal injury suit.
The plaintiff appears to concede that the defendant would have the right to subtract the monies recovered from the underinsured coverage, if that is what its policy provided. This right also appears to be extended specifically to the defendant by Section 38a-334-6(d)(2) of the regulations of state agencies.
Each side cites in support of its position Boyle v. Allstate,2 Conn. App. 38 (Hurley, J., December 7, 1995). Judge Hurley's opinion in Boyle makes it clear that the company may limit the offset to its policy obligations irrespective of the judgment which the plaintiff had received.
The plaintiff's argument is not that Peerless lacked the right to limit the offset to its policy amount, but rather that when one views the language of the policy Peerless did not unequivocally do so. The plaintiff argues that the Peerless policy is ambiguous and, therefore, should be construed against Peerless. In support of its argument, the plaintiff provided the court with twenty-five examples of the limiting language of other policies. The Peerless policy in question reads as follows:
"Limits of liability
 A. The limit of liability shown in the declaration of this coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of: 1. "insureds"; 2. claims made; CT Page 6242 3. vehicles or premiums shown in the declaration; or 4. vehicles involved in the accident. B. Any amounts otherwise payable for damages under this coverage shall be reduced by all sums: 1. paid because of the "bodily injury" by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A; and 2. paid or payable because of the bodily injury under any of the following or similar law; (a) Worker's Compensation Law; or (b) Disability Benefits Law."
The plaintiff claims that the language "any amount otherwise payable for damages under this coverage" refers to "damages" which equates to the plaintiff's total damages i.e., $750,000. From that point, the plaintiff would argue that since damages payable under this coverage are $750,000, it is from that amount that the liability payment and the compensation payment are subtracted to arrive at the balance due for underinsured motorist. The net effect of that reasoning would be to make the entire $300,000 available.
The court simply does not agree with the plaintiff that the language "any amounts otherwise payable for damages under this coverage" refers to amounts determined without regard to policy limits. The $750,000 is not, in the court's opinion, payable under "this coverage." Further, while not determinative of the outcome, the $750,000 was arrived at in a proceeding to which Peerless was not a party.
Our Appellate Courts have frequently analyzed underinsured motorist problems in terms of the reasonable expectations of the parties. This court does not believe that the plaintiff can reasonably argue that the language of the Peerless policy led her to expect that if she recovered a personal injury judgment which exceed the underinsured coverage of $300,000 by more than the offsets provided for in the regulation, she would have no setoffs against her coverage.
Although recognizing some difference in the policy language between the instant case and Boyle v. Allstate Insurance Company,
supra, the court finds no ambiguity in the present policy and no difference in the Peerless policy and the Allstate policy inBoyle which would lead the court to a different result. CT Page 6243
The plaintiff's motion for summary judgment is denied. The defendant's motion for summary judgment is granted.
Booth, J.