ANNE E. HARHAY *v.* BOARD OF EDUCATION OF THE TOWN OF ELLINGTON
(15071)

Landau, Schaller and Spear, Js.

Argued October 1, 1996—officially released February 4, 1997

*Noah H. Starkey*, for the appellant (plaintiff).

*Frederick L. Dorsey*, with whom, on the brief, was *Stephen J. Courtney*, for the appellee (defendant).

SCHALLER, J. The plaintiff, Anne E. Harhay, a tenured teacher employed by the defendant Ellington board of education (board) appeals from the judgment of the trial court dismissing her appeal from the defendant's decision to terminate her employment. The plaintiff claims that the court improperly dismissed her appeal by determining (1) that the time requirements set forth in General Statutes § 10-151 (d) are directory rather than mandatory and (2) that the impartial hearing panel properly excluded evidence as irrelevant on claims that the panel found it lacked the authority to decide pursuant to General Statutes § 10-151 (d) (5)[1]. We affirm the judgment of the trial court.

The following facts are relevant to the resolution of this appeal. The plaintiff was employed by the board as a certified art teacher for grades prekindergarten through twelve. On April 14, 1993, the board voted to eliminate two elementary art teacher positions, one of which was occupied by the plaintiff. By a letter dated August 11, 1993, the superintendent of the Ellington public schools informed the plaintiff that he intended to recommend that the board place the termination of her contract under consideration at an upcoming hearing. In this letter, he also informed the plaintiff of her rights under § 10-151, including her right to request a statement of reasons for the termination, her right to request a hearing, and her right to be represented by counsel. Pursuant to § 10-151 (d), the plaintiff requested, and the board provided, a written statement of its reasons for the decision to terminate her employment. In its letter, the board stated it was terminating the plaintiff's position (1) because the position that the

---

[1] General Statutes § 10-151 (d) provides in relevant part: "The contract of employment of a teacher who has attained tenure . . . may be terminated at any time for . . . (5) elimination of the position to which the teacher was appointed . . . if no other position exists to which such teacher may be appointed if qualified . . . ."

plaintiff occupied was eliminated and no other position for which the plaintiff was certified existed in the school system, and (2) because of other due and sufficient cause including budgetary considerations and administrative recommendations consistent with the board's reduction in force plan based on an analysis of curriculum and staffing needs.

By a letter dated September 7, 1993, the plaintiff requested a hearing before an impartial panel, pursuant to § 10-151 (d). Because of a lack of communication between the plaintiff's attorney and the board's attorney, the parties did not choose their respective panel members until October, 1993. After the parties selected their panel members, the panel members designated a third member as chairman.

In December, 1993, the chairman of the three member panel informed the parties that the termination hearing would be held on January 4, 1994. The hearing took place on that date. On March 8, 1994, the panel recommended, in a two-to-one decision, that the board terminate the plaintiff's employment contract. A majority of the panel also concluded that the plaintiff's employment was properly terminated under the provisions of § 10-151 (d). At a meeting held March 16, 1994, the school board voted to accept the panel's recommendation, effective March 17, 1994.[2] The board gave the plaintiff written notice of its decision.[3] Pursuant to § 10-151 (f), the plaintiff appealed to the Superior Court from the board's decision. The trial court affirmed the board's

[2] A panel's recommendation is merely advisory and the board has discretion to accept or reject the hearing panel's recommendation. *Catino* v. *Board of Education*, 174 Conn. 414, 417, 389 A.2d 754 (1978).

[3] In a letter dated March 16, 1994, the superintendent of schools informed the plaintiff: "This is to advise you that at a meeting held on March 16, 1994, the Ellington Board of Education, in accordance with the attached decision and for the reasons noted therein, voted to accept the impartial hearing panel's majority recommendation to terminate your contract of employment effective March 17, 1994."

decision and dismissed the plaintiff's appeal. This appeal followed.

## I

The plaintiff first claims that the trial court improperly found that the time periods set forth in § 10-151 (d) with respect to the commencement of the hearing and with respect to the recommendation of the hearing panel are directory in nature rather than mandatory.[4] We agree with the trial court.

We acknowledge first that our courts have held that the procedural requirements of § 10-151 (d) must be strictly followed. *Petrovich* v. *Board of Education,* 189 Conn. 585, 590, 457 A.2d 315 (1983); *LaCroix* v. *Board of Education,* 2 Conn. App. 36, 40, 475 A.2d 1110 (1984). In *Petrovich* and *LaCroix,* our courts held that failure of the board to provide a tenured teacher with written notice, prior to her termination, that termination of her contract was "under consideration" was error. *Petrovich* v. *Board of Education,* supra, 589–90; *LaCroix* v. *Board of Education,* supra, 40–41. In the present case, the board did properly notify the plaintiff, prior to her termination, that termination of her contract was under consideration. It is undisputed, however, that the board did not strictly comply with the time requirements of § 10-151 (d) with respect to the commencement of the hearing and with respect to the recommendation of the hearing panel. Whether the board's noncompliance is improper depends on whether these particular statutory provisions are directory or mandatory.

"Well established principles of statutory construction govern our determination of whether a statutory time period is mandatory or directory. Our fundamental

---

[4] The issue whether the time periods set forth in § 10-151 (d) regarding the commencement of the hearing and the recommendation of the hearing panel are mandatory or directory has not been decided by this court or our Supreme Court.

objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Metz*, 230 Conn. 400, 409, 645 A.2d 965 (1994).

We begin our analysis with the language of § 10-151 (d) which provides in pertinent part: "Within twenty days after receipt of written notice by the board of education that contract termination is under consideration, such teacher may file with such board a written request for a hearing. . . . Such hearing shall commence within fifteen days after receipt of such request, unless the parties mutually agree to an extension . . . . Within ninety days after receipt of the request for a hearing, the impartial hearing panel . . . unless the parties mutually agree to an extension, shall submit written findings and a recommendation to the board of education as to the disposition of the charges against the teacher, and shall send a copy of such findings and recommendation to the teacher. . . ."

We note first that "the use of the word 'shall,' [in § 10-151 (d)] though significant, does not invariably establish a mandatory duty." *Oller* v. *Oller-Chiang*, 230 Conn. 828, 838, 646 A.2d 822 (1994). The more significant consideration in our determination whether a provision is mandatory or directory "is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . . If it is a matter of substance, the statutory provision is mandatory. If, however, the legislative provision is designed to secure order, system and dispatch

in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words. . . . Such a statutory provision is one which prescribes what shall be done but does not invalidate action upon a failure to comply. . . . A reliable guide in determining whether a statutory provision is directory or mandatory is whether the provision is accompanied by language that expressly invalidates any action taken after noncompliance with the provision." (Citation omitted; internal quotation marks omitted.) *Katz* v. *Commissioner of Revenue Services*, 234 Conn. 614, 617, 662 A.2d 762 (1995).

In the present case, the statutory provisions of § 10-151 (d) concerning the time periods for the commencement of the hearing and the recommendation of the hearing panel are designed to secure order, system and dispatch in the proceeding. These provisions are stated in affirmative terms unaccompanied by negative words and prescribe what is to be done without providing a penalty for a failure to comply. Significantly, these statutory time periods are not absolute but, instead, are specifically modifiable by the parties. In fact, in this case, although the parties did not reach an explicit agreement to extend the time periods, their mutual delay in choosing their respective panel members, and their agreement, without objection, to hold the hearing in January, 1996, almost four months after the plaintiff made her request for a hearing, implies that the parties had agreed to an extension.[5] We conclude, therefore,

---

[5] There is evidence in the record that the plaintiff is partially responsible for the delay in the commencement of the hearing. Also, notably, the plaintiff did not suffer prejudice due to any delays because she remained employed by the board until it made its final determination in March, 1994. We also note that, because the impartial panel hearing took place more than four months from the time the plaintiff had requested it, it was impossible for the impartial hearing panel to submit its written findings and recommendation to the board "*within ninety days after receipt of the request for [the] hearing.*" (Emphasis added.) General Statutes § 10-151 (d).

that because these statutory provisions relate to a matter of convenience and do not invalidate action upon a failure to comply, these time periods are directory.

## II

The plaintiff next claims that the trial court improperly found that the impartial panel properly excluded evidence as irrelevant on claims that the panel found it lacked the authority to decide pursuant to § 10-151 (d) (5).

During the plaintiff's hearing before the three member impartial panel, it was determined that, due to budgetary considerations, the board had voted to eliminate two elementary art positions, one of which was occupied by the plaintiff. The effect of these budgetary cuts meant that for the 1993–94 school year the board would continue to employ a full-time art teacher for grades six through nine, but that it would not employ any full-time art teachers for grades kindergarten through five. The plaintiff attempted to introduce evidence to show that, because the board eliminated the art teaching positions for grades kindergarten through five, the board was in violation of General Statutes §§ 10-4a and 10-16b (a) by failing to implement the educational interests of the state. The panel found that the plaintiff's evidence on this claim was irrelevant because an impartial hearing panel lacks the authority to determine whether the board's actions were in violation of §§ 10-4a and 10-16b (a). It determined that it could not review the board's policy decision to eliminate the two elementary teaching positions because panel hearings are limited to a determination of (1) whether the position was eliminated, and (2) whether there is a position in the school system for which the teacher is qualified.

In her appeal to the Superior Court, the plaintiff asserted, based on *Tomlinson* v. *Board of Education*, 226 Conn. 704, 728–732, 629 A.2d 333 (1993), that the

panel should have allowed her to introduce evidence on the issue of whether the board violated §§ 10-4a and 10-16b (a) when it eliminated her teaching position. The trial court disagreed, stating that "the holding in *Tomlinson* v. *Board of Education*, supra, [704] merely requires that the hearing officer make findings on the public policy claim." The trial court determined that the panel satisfied *Tomlinson* because the panel made a finding that evidence as to whether the board had failed to implement the educational interests of the state was irrelevant because that determination was beyond its statutory authority.[6] See id., 728 ("hearing officer can legally exclude any evidence that is irrelevant"). We agree with the trial court.[7]

"General Statutes § 10-151 (d) (5) provides a discharge procedure for tenured teachers when the position held by the teacher is eliminated. . . . [T]he statute requires that the board satisfy a two part test for a lawful termination of a tenured teacher upon elimination of a position. First, the position must be eliminated. Second, the teacher must not be qualified to be appointed to any position held by a teacher with less service as provided for in the collective bargaining agreement or, in the absence of a collective bargaining agreement, as provided for in a written policy of the board." *McKee* v. *Board of Education*, 32 Conn. App. 6, 10–11, 627 A.2d 951 (1993). In the present case, both parts of the *McKee* test are satisfied. The plaintiff had the opportunity at the impartial panel hearing to introduce evidence to show that the teaching position had not actually been eliminated, and that she was qualified for appointment

---

[6] General Statutes § 10-4b provides the statutory procedure for a party seeking to make a complaint that a local or regional board has failed to implement the educational interests of the state.

[7] The trial court also found that the plaintiff lacked standing to raise these public policy claims. Because we agree with the trial court that these issues are irrelevant before the impartial hearing panel, we need not address the issue of whether the plaintiff had standing to bring these claims.

to another teaching position. She also had the opportunity, on appeal, to show that the board acted illegally in terminating her position. The plaintiff, thus, was afforded full due process rights as provided in § 10-151.

Wide discretion is customarily vested in school boards with regard to employment of teachers. See General Statutes §§ 10-151 and 10-220. When that discretion is exercised in good faith, the courts should not interfere. See *Conley* v. *Board of Education*, 143 Conn. 488, 495, 123 A.2d 747 (1956). In the present case, the plaintiff has not demonstrated that the board abused its discretion or acted in bad faith. Accordingly, the trial court properly upheld the board's discretionary decision to terminate the plaintiff's teaching contract.

The judgment is affirmed.

In this opinion the other judges concurred.