[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS THE CT Page 308 PLAINTIFF'S COMPLAINT
I. Factual and Procedural History
On September 6, 1996, the plaintiff, Elizabeth Norris, filed a complaint against the defendant Board of Education of the Town of Waterford arising from the alleged actions of the defendant in July, 1996. On October 23, 1996, the plaintiff filed an amended complaint. Thereafter, the plaintiff requested and received permission to file a second amended complaint. The plaintiff filed the second amended complaint on February 21, 1997. The defendant's motion to dismiss is directed at that second amended complaint.
The plaintiff's second amended complaint alleges the following facts: Elizabeth Norris was a tenured teacher employed by the Board of Education of the Town of Waterford (the Board). On or about June 6, 1996, Mr. Randall H. Collins, the Superintendent of Schools for the Town of Waterford, sent the plaintiff a letter indicating that termination of her contract as a tenured teacher was under consideration by the Board.
On July 15, 1996, the plaintiff requested a hearing pursuant to General Statutes § 10-151 (d) and also requested that the Board provide her with reasons for her termination.
In a letter dated July 16, 1996, the Board informed the plaintiff that her request for a hearing was untimely under General Statute § 10-151 (d) and therefore, the Board would not honor her request. The Board also informed the plaintiff that at its meeting on September 26, 1996, the Board planned to take formal action to terminate the plaintiff's employment contract. In the same letter, the Board informed the plaintiff that it and the superintendent were willing to accept the plaintiff's resignation in lieu of formal termination and if the plaintiff intended to pursue that option, she should submit a resignation letter to the superintendent.
The plaintiff next alleges that, without her knowledge and notwithstanding the July 16, 1996 letter, the Board scheduled a meeting on July 25, 1996, at which it planned to discuss terminating the plaintiff's employment contract. On July 23, 1996, the plaintiff learned of the planned meeting from a local CT Page 309 newspaper and immediately contacted the Board and asked why the meeting was scheduled for July 25, 1996 instead of September 26, 1996, as the letter to the plaintiff indicated. The Board responded that the date in the letter was a typographical error and that it intended to take up the plaintiff's termination on July 25, 1996. After discussions among the parties and at the plaintiff's request, the Board allegedly agreed to reschedule the meeting in August, 1996.
The plaintiff also alleges that the Board proceeded to discuss the plaintiff's termination on July 25, 1996 and voted to terminate her employment contract at that same meeting. The plaintiff alleges she had no notice that the termination meeting would be conducted by the Board on July 25, 1996.
The plaintiff's second amended complaint is based on the alleged actions of the Board in terminating her employment. On May 29, 1997, the defendant filed a motion to dismiss the second amended complaint and filed a memorandum in support of its' motion. The plaintiff filed a timely memorandum in opposition to the defendant's motion. This court heard oral argument on the matter on September 8, 1997.
II. Motion to Dismiss, Generally
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction."Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 627, 645-46
n. 13, 668 A.2d 1314 (1995).
"[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson,214 Conn. 256, 264, 571 A.2d 696 (1990). "The motion to dismiss . . . admits all facts which are well pleaded. . . ." (Citation omitted; internal quotation marks omitted.) Barde v.Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988). CT Page 310
III. Discussion
The defendant moves to dismiss the plaintiff's second amended complaint on the ground that "the plaintiff failed to exhaust her administrative remedies under [General Statutes § 10-151], thereby depriving this court of its subject-matter jurisdiction over the present action" because General Statutes § 10-151
"remains the sole and exclusive means by which the plaintiff could have challenged her termination." The plaintiff argues in opposition that "[a] notable feature of the allegations in the second amended complaint is that the plaintiff did seek to invoke the § 10-151 (d) appeal procedure, but [the defendant] refused to provided any hearing at all" because the defendant claimed the plaintiff's request for a hearing was claimed to be untimely. The plaintiff argues, inter alia, that because the defendant thwarted her at the hearing, the administrative procedures under § 10-151 were unavailable to the plaintiff and, therefore, the exhaustion doctrine does not apply in the present case.
"Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1996). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." Id., 4. "It is a settled principle of administrative law that, if an adequate remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.) Simko v. Ervin, 234 Conn. 498, 503,661 A.2d 1018 (1995).
The outcome of the defendant's motion to dismiss requires resolution of two interrelated determinations: (1) whether the plaintiff failed to seek relief under the statute; and, if so, (2) whether the plaintiff's failure deprives this court of subject matter jurisdiction. As noted previously, the defendant argues that the plaintiff's failure to request a hearing within twenty days from the June 6, 1996 notice of the superintendent deprives this court of subject matter jurisdiction in the instant matter.
This court recognizes that "our courts have held that the CT Page 311 procedural requirements of § 10-151 (d) must be strictly followed." Harhay v. Board of Education, 44 Conn. App. 179, 182
(687 A.2d 1313) (1997). Neither our Appellate Court nor our Supreme Court have addressed the issue of whether the time for requesting a hearing under the statute is mandatory or directory.Cahill v. Board of Education, 198 Conn. 229, 234 n. 4,502 A.2d 396 (1985), Harhay v. Board of Education, supra,44 Conn. App. 182 n. 4.
Recently, however, the Appellate Court addressed its' interpretation of the statutory construction of § 10-151
(d)[1]. In Harhay, supra, the plaintiff, a tenured teacher, appealed from the trial court's dismissal of her appeal from the defendant board's decision to terminate her employment contract. The plaintiff argued that the board's decision to terminate her contract violated § 10-151 (d) because the hearing took place more than four months after her initial request for a pretermination hearing. Further, the plaintiff alleged she did not receive the board's decision to terminate her contract until six months after her request for a hearing. The plaintiff contended the delays were in derogation of the time requirements established by § 10-151 (d) and, therefore, the plaintiff argued, the board's decision to terminate her contract was invalid and in violation of the statute. The trial court dismissed the plaintiff's appeal because it found the time set forth by the statute was not mandatory; but, instead, the court found the language to be directory. The appellate court affirmed the trial court's analysis and its dismissal.
The appellate court stated "whether the board's noncompliance [was] improper depends on whether these particular statutory provisions are directory or mandatory." 182. The court stated a "significant consideration to our determination whether a provision is mandatory or directory `is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter or substance or a matter of convenience. . . . If it is a matter of substance, the statutory provision is mandatory. If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words. . . . Such a statutory provision is one which proscribes what shall be done but does not invalidate action upon a failure to comply . . . A reliable guide in determining whether a statutory provision is directory or CT Page 312 mandatory is whether the provision is accompanied by language that expressly invalidates any action taken after noncompliance with the provision.' (Citations omitted; internal quotation marks omitted.) Katz v. Commissioner of Internal RevenueServices, 234 Conn. 614, 617, 662 A.2d 762 (1995)." Harhay v.Board of Education, supra, 44 Conn. App. 184.
In the present case, the provision of § 10-151 (d) that governs the plaintiff's request for a hearing states that a teacher "[w]ithin twenty days after receipt of written notice by the superintendent that contract termination is under consideration, . . . may file with the . . . board of education a written request for a hearing." It is important to note that this provision, like the provision in Harhay, is stated in affirmative terms unaccompanied by negative words. There is no language which invalidates action due to a failure to comply. In short, this case, as in Harhay, the statutory provision of §10-151 (d) regarding the time period requesting a hearing is designed to "secure order, system and dispatch in the proceedings" and is directory rather than mandatory in nature.
Here, the plaintiff did request a pretermination hearing. While she did so more than twenty days after she received the superintendent's notice that termination of her employment contract was under consideration, her attempt should have been valid under the directory language of the statute.
Accordingly, the defendant's motion to dismiss is denied.
D. Michael Hurley Judge Trial Referee